ANNA B. HOLMES V. LINCOLN SALT LAKE COMPANY ET AL.

FILED FEBRUARY 23, 1899. No. 8739.

1. **Error Proceedings:** MOTION FOR NEW TRIAL. Where there was filed in the district court no motion for a new trial, the supreme court will only look into the record to ascertain if the pleadings support the judgment sought to be reversed by error proceedings.

2. **Review.** The issues in this case considered, and *held* to support the judgment of the district court.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Affirmed.*

*J. R. Webster* and *W. E. Stewart,* for plaintiff in error.

*Abbott, Selleck & Lane, contra.*

RYAN, C.

In this case, originally, Leonidas K. Holmes was plaintiff and the Lincoln Salt Lake Company, Joseph Burns, Edward Bignell, John Lindloff, B. R. Cowdrey, and A. R. Humphrey, commissioner of public lands and buildings, were defendants. After this action was begun in the district court of Lancaster county, Anna B. Holmes was ordered to be made a defendant, and thereafter she

was a party to issues made up and tried. Plaintiff Leonidas K. Holmes was denied relief, as was also Anna B. Holmes, his wife, on her answer and cross-petition. She alone has prosecuted error proceedings to this court. There was no motion for a new trial in the district court, and under these conditions the following language quoted from *Hansen v. Kinney*, 46 Neb. 207, is applicable: "Where it is sought to review on error in this court the judgment of a district court, no motion for a new trial having been filed, this court will look into the record to ascertain if the pleadings state a cause of action or defense and support the judgment or decree rendered; but this court will not go back of the verdict rendered by the jury, or the findings of fact made by the trial court, to review anything done or any proceedings had."

As no complaint is made in this court by Leonidas K. Holmes the averments of his petition are unimportant, except to the extent they may throw light upon the issues litigated between Anna B. Holmes and certain of her co-defendants. Leonidas K. Holmes, in his amended petition, alleged that he was the owner of the leasehold and was in possession of certain saline lands of the state of Nebraska of the area of 116 acres in a single tract; that his dwelling-house was situated on the south fifteen acres of a part of said tract which he had leased from the state of Nebraska in 1889, upon which fifteen-acre tract thereafter he had placed improvements of the value of $3,000; that plaintiff was the head of a family, and that said forty-acre tract constituted a part of his homestead. It was further alleged in the petition that John Lindloff had obtained from the state of Nebraska a lease on the forty-acre tract, in which was included the fifteen acres above referred to; that the lease to plaintiff and to Lindloff were of the same date; that soon after the said date plaintiff and Lindloff agreed to make an exchange whereby plaintiff would receive the rights of Lindloff in the fifteen-acre tract above described, and between themselves said lessees executed writings for the agreed pur-

pose above described, but owing to the ignorance of the scrivener by whom the writings were drawn plaintiff obtained a mere lease from Lindloff of the fifteen-acre tract heretofore referred to, and not, as was intended, a conveyance of Lindloff's interest therein. It was further alleged in the petition that the defendants Joseph Burns and Edward Bignell had obtained an assignment from Lindloff and from plaintiff of the aforesaid fifteen acres; that for plaintiff's assignment the consideration was nominal, but in fact was the promise to pay plaintiff for a right of way for a street railway over other lands of plaintiff—a promise never performed,—and that this assignment was never executed or acknowledged by Anna B. Holmes, wherefore, as plaintiff alleged, it was void. It was further alleged that Burns and Bignell were officers of the Lincoln Salt Lake Company, and that, therefore, the rights of the company were no greater than those of the two individuals just named. It was further averred that plaintiff had procured all his lands to be appraised in accordance with the law which provides for cases where lessees desire to purchase saline lands, and had made a proper tender of the necessary amount and had demanded a receipt showing payment of the amount necessary to entitle him to a deed for the above mentioned 115 acres of land, but because of the conflicting claims set up, the county treasurer of Lancaster county refused to receive the money tendered and refused to receipt for it as having been paid, and that A. R. Humphrey, commissioner as aforesaid, was about to, and unless restrained would, receive final payment from the Lincoln Salt Lake Company and issue to said company a deed whereby it would be vested with the title to said fifteen-acre tract. It was alleged in the petition that the defendants Cowdrey and Steen claimed some interest in the land in controversy, but that such interest was as mere stockholders in the Lincoln Salt Lake Company. The prayer was for equitable relief, such as, from the averments made, would be proper to form the conclusion of plaintiff's petition,

By the answer of Bignell, Burns, and the Lincoln Salt Lake Company, in addition to admissions of the truth of the averments of the petition whereby the title was apparently vested in said answering defendants, there were affirmative averments of a purchase from Lindloff upon the faith of the records of Lancaster county, whereon appeared the leases referred to in plaintiff's petition. It was further alleged in this answer that the plaintiff had failed and refused to pay the annual stipulated rent in the lease between himself and Lindloff, and that by reason of the non-payment of said rent the answering defendants had elected to, and did, declare the lease void and demanded possession of the leased premises. In the answer of the three defendants last above referred to it was averred that Leonidas K. Holmes had transferred all his right, title, and interest in the land in dispute to said Burns and Bignell, and that said two defendants had transferred the same to the Lincoln Salt Lake Company and delivered the possession, which ever since had been held by said company; that said company, as owner of the lease from the state of Nebraska, had made application under the laws of said state to purchase said land, and had caused the same to be appraised and had tendered the amount of the appraisal as required by law, and was entitled to receive a deed. There was a prayer that the title of the Lincoln Salt Lake Company might be quieted and that plaintiff might be barred of any right therein, and for other equitable relief. The answer and cross-petition of Anna B. Holmes, omitting the formal parts, was as follows:

"Comes now Anna B. Holmes, one of the above-named defendants, and, answering for herself only, denies each and every allegation in the answer herein filed of the defendants not hereinafter expressly admitted.

"2. This defendant alleges that she is the wife of the plaintiff Leonidas K. Holmes, and has been for more than seven years last past, and that she, together with said plaintiff as husband and wife, with their family, at the

beginning of this suit and for many years prior thereto, lived upon and occupied as a homestead the hereinafter described property, * * * containing about 100 acres.

"3. This defendant further says that the plaintiff is, and at the beginning of this suit was, the owner of the above described land and all thereof, and that the same constituted, and at all times, for more than twenty years, has been, the homestead of said plaintiff.

"4. The defendant the Lincoln Salt Lake Company claims to have some interest in said lands by reason of a pretended conveyance by quitclaim to a portion thereof, and by reason of a pretended assignment of a land contract from one John Lindloff to a portion thereof, and such pretended conveyances cast a cloud upon the title to said lands, to the great damage and injury to this defendant.

"Wherefore this defendant prays that title may be quieted as against the Salt Lake Company and that their said pretended conveyances may be canceled and held for naught, from the record of her said title, and that said premises may be declared the homestead of this defendant and may be discharged of any and all claims to the Lincoln Salt Lake Company, and that she may recover her costs herein, and have such further and other and different relief as she, in equity and good conscience, is entitled to."

By a reply of all the defendants, except Anna B. Holmes, there was a denial of each averment of her answer and cross-petition, aside from the averment that the Lincoln Salt Lake Company has some interest in the property described, which latter averment was admitted to be true. There was a trial to the court, followed by findings which negatived the averments of Burns, Bignell, and the Lincoln Salt Lake Company, whereon they sought to found rights because of instruments being of record in Lancaster county. There were also findings which sustained plaintiff's averments as to the alleged mistake between Lindloff and plaintiff, and that the Lin-

coln Salt Lake Company acquired its rights with knowledge of this mistake. There was also a finding to the effect that after Bignell and Burns had received the assignment of Lindloff in the fifteen-acre tract in dispute, they, and their successor in right, the Lincoln Salt Lake Company, made improvements on the said tract, of which Mrs. Holmes was aware and to which she made no objection. This matter of estoppel was not pleaded; therefore this finding was immaterial. In connection with this finding, however, there was the further finding that the said defendant the Lincoln Salt Lake Company was, through the assignment of the lease from Burns and Bignell, the lawful owner and holder of the leased premises. It was also found that said company, having done all things necessary and as provided by the laws of Nebraska, was entitled to receive a deed from said state, and there was judgment in accordance with the above findings.

The issues and findings above set forth, in so far as they are pertinent to our present purposes, may be summarized as follows: Mrs. Holmes founded her right of protection in the enjoyment of a homestead on the facts that she was the wife of Leonidas K. Holmes, in whom then was, and for twenty years had been, the title to the property as to which her claim was made, and she alleged that the claim made by the Lincoln Salt Lake Company casts a cloud upon the title of the property involved in this litigation, which cloud she prayed might be removed. By the answer of her adversaries they alleged their own title and denied hers, and upon this issue the court found against her, and this finding furnished sufficient support for the judgment which was rendered, and accordingly it is

AFFIRMED.