AMANDA JOHNSON V. DENNIS SONGSTER.

FILED APRIL 19, 1905.    No. 13,768.

**Review:** MOTION FOR NEW TRIAL.    When it is sought to review on error in this court the judgment of a district court, no motion for a new trial having been filed, this court will look into the record to ascertain if the pleadings state a cause of action or defense and support the judgment or decree accordingly, but it will not go back of the verdict rendered by the jury or findings of fact made by the trial court to review anything done or any proceeding had.

ERROR to the district court for Fillmore county: LESLIE G. HURD, JUDGE.    *Affirmed.*

*F. B. Donisthorpe* and *Curtiss & Waring,* for plaintiff in error.

*Robert J. Sloan, contra.*

LETTON, C.

This was a mandamus proceeding brought by Amanda Johnson against Dennis Songster, as justice of the peace in and for Fillmore county, to compel him to correct the entries upon his docket so as to show that in an action pending on the 11th day of September, 1903, before him as such justice, wherein one Robert J. Sloan was plaintiff and Amanda Johnson was defendant, the plaintiff therein did not appear within one hour after the time set for trial; that the defendant therein moved to dismiss the case for that reason, which motion was overruled; and further to require said justice to show by said docket that, though the verdict was rendered by the jury upon the 11th day of

September, yet that no judgment was entered upon said verdict until the next day. The petition for the writ of mandamus alleges the existence of these facts, application to the justice to correct his docket and his refusal so to do. An answer was filed by the justice, amounting, in substance, to a general denial. The cause was tried to the court, and a writ of mandamus refused, from which judgment error is assigned. No motion for a new trial was filed in the district court, and the only error assigned in the petition in error is that the court erred in refusing to grant the writ as prayed.

Since no motion for a new trial was filed, we cannot look into the bill of exceptions for the purpose of ascertaining whether the findings and judgment of the district court are supported by sufficient evidence, nor review the action of the court in admitting or excluding evidence. It is said in *Hansen v. Kinney*, 46 Neb. 207:

"When it is sought to review on error in this court the judgment of a district court, no motion for a new trial having been filed, this court will look into the record to ascertain if the pleadings state a cause of action or defense and support the judgment or decree rendered; but it will not go back of the verdict rendered by the jury or the findings of fact made by the trial court to review anything done or any proceeding had." *Storey v. Burns*, 53 Neb. 535; *Holmes v. Lincoln Salt Lake Co.*, 58 Neb. 74.

This being the case, the only question before us is whether or not the answer sets up a defense to the petition. The answer alleges that the plaintiff in the case before the justice appeared before the hour set for trial, and denies that a motion was made to dismiss the case for want of the appearance of the plaintiff until the next day and after the judgment had been rendered. He further denies that a motion was filed before him as justice, or any application made to him to show the actual facts in the case, and denies that he has overruled the motion and refused to show the facts. He further denies generally all facts not admitted. These denials constitute a sufficient defense to

the allegations of the petition, and fully support the judgment of the district court refusing to issue the writ.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.