Tait v. Reid.

---

BENJAMIN TAIT, APPELLANT, V. ROBERT B. REID, APPELLEE.

FILED APRIL 20, 1912.   No. 16,681.

1. Appeal: MOTION FOR NEW TRIAL: REVIEW. When it is sought to review the judgment of a district court, no motion for a new trial having been filed, this court will look into the record to ascertain if the pleadings state a cause of action or defense and support the judgment or decree accordingly, but it will not go back of the verdict rendered by the jury or findings of fact made by the trial court to review anything done or any proceeding had. *Johnson v. Songster*, 73 Neb. 724.

2. Pleadings examined, and found sufficient to sustain the judgment of the district court.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*William E. Shuman*, for appellant.

*L. E. Roach* and *Crissman, Linville & Churchill*, contra.

BARNES, J.

Action in the district court for Lincoln county upon a foreign judgment aided by an attachment and garnishment.

It appears that the defendant, who formerly resided in the state of Iowa, on the 11th day of September, 1909, entered into an agreement with one Taylor of Cedar Rapids, in that state, to purchase a tract of land known

as the Taylor addition to North Platte, in Lincoln county, Nebraska, of which Taylor was the owner, for an agreed consideration of $13,000, of which defendant paid the sum of $400. Taylor retained the legal title, but agreed to convey the land to the defendant Reid upon the payment of the balance of the purchase price. By the terms of the agreement Reid was to have the right to enter upon the premises for the purpose of showing lots and making sales thereof. That on or about the 12th day of September of that year defendant and his wife removed from their home in Cedar Rapids, Iowa, to North Platte, Nebraska, to engage in the business of selling real estate; that before defendant left the state of Iowa the plaintiff had obtained a judgment against him in the courts of that state; that on or about the 2d day of February, 1910, plaintiff commenced this action upon that judgment, in the district court for Lincoln county, and obtained a writ of attachment therein, which the sheriff attempted to levy upon the real estate above described, and garnishee process was served upon the bank in North Platte, where defendant and his wife each had money on deposit. Personal service was had upon the defendant Reid, who, after entering his appearance, filed a motion to dissolve the attachment for the reason, among others, that his interest in the real estate, if any, was not subject to execution or attachment. Upon the trial of the cause the district court rendered judgment for the plaintiff, ordered the bank to pay the money in its possession into court, but dissolved the attachment so far as it related to the real estate, upon the ground, and for the reason, above stated. From that part of the judgment the plaintiff has brought the case to this court by petition in error.

In 1907 the legislature passed an act to provide for appeals to the supreme court in civil cases, and repealing the statutory provisions then existing for the prosecution of proceedings in error to the supreme court. Laws 1907, ch. 162. Since that law went into effect civil cases can only be brought to this court upon appeal. There was no

Tait v. Reid.

motion to dismiss the proceeding, and the defendant filed his answer within the time allowed by law. No objection was interposed by the parties, and therefore the case will be treated as though it were brought here by appeal.

An examination of the record discloses that the question here presented was tried upon its merits; that evidence was introduced in the form of affidavits and counter affidavits, together with considerable oral testimony showing or tending to show the defendant's residence, his interest, if any he had, in the real estate in question, and this evidence seems to have been preserved in the form of a bill of exceptions.

The record further discloses that the plaintiff filed no motion for a new trial, and the alleged error of which he now complains was never presented to the district court for its consideration or determination. The well-established rule in such case is that this court will look into the record to ascertain if the pleadings state a cause of action or defense and support the judgment or decree accordingly, but it will not go back of the verdict rendered by the jury or findings of fact made by the trial court to review anything done or any proceeding had. *Johnson v. Songster,* 73 Neb. 724; *Storey v. Burns,* 53 Neb. 535; *Holmes v. Lincoln Salt Lake Co.,* 58 Neb. 74.

An examination of the pleadings and affidavit for attachment satisfies us that they are sufficient to support the decision of the trial court and sustain the findings and judgment appealed from.

Therefore, the judgment of the district court is

AFFIRMED.