WILLIAM ELFERS, ADMINISTRATOR, APPELLANT, V. SCHUFF & SONS HOTEL COMPANY, APPELLEE.

FILED MAY 25, 1934. No. 28991.

*B. J. Cunningham, H. G. Wellensiek* and *W. P. Lauritsen,* for appellant.

*Prince & Prince, contra.*

Heard before ROSE, GOOD, EBERLY and DAY, JJ., and LESLIE and RYAN, District Judges.

DAY, J.

This action was brought by William Elfers, as administrator of the estate of his minor son, Henry Elfers, to recover damages for wrongful death alleged due to the negligence in the construction and maintenance of an elevator in the Palmer House, a hotel in Grand Island.

The petition alleged that while Henry Elfers was employed by the defendant as an elevator operator in the hotel on June 4, 1924, he was injured in the elevator, which injuries resulted in his death. The answer denies generally the allegations of the petition. This cause was tried first to a jury, which returned a verdict on April 7, 1926, for $2,558. Upon appeal to this court, the judgment was reversed and the cause remanded, because the evidence was insufficient to support the verdict. (Opinion not reported.) On March 29, 1930, a third amended petition was filed, which was the first time in this case that any reference was made to the workmen's compensation law. Upon motion of defendant hotel company, the court struck therefrom an allegation that it "did not carry any compensation insurance * * * and did not post any notices in or about said premises to the effect that defendant was not carrying liability insurance as required by the laws of the state of Nebraska." On October 5, 1931, plaintiff asked leave in open court to withdraw his second and third amended petitions and elected to try the case on the first amended petition.

Thereafter on March 23, 1932, this case was tried to a jury on the first amended petition and a verdict returned in favor of plaintiff for $5,506.83. A motion for new trial was sustained. On September 28, 1932, over eight years after the accident and after two jury trials, the plaintiff asked leave to amend his first amended petition by inserting the following: "That the defendant failed, neglected, and refused to secure and carry liability insurance, or furnish the compensation commissioner with satisfactory proof of its financial ability to pay compensation, as provided by section 48-146, Compiled Statutes of Nebraska for 1929, and thereby elected not to come under the provisions of the workmen's compensation law of Nebraska." This motion was overruled.

By stipulation, a jury was waived and the case submitted to the trial judge for decision upon the evidence and the record had at the last trial to a jury. The trial judge

found in favor of plaintiff and fixed the amount of recovery at $2,732. The defendant filed a motion for new trial. The trial judge sustained the motion for a new trial, set aside his former findings and judgment, and entered a judgment of dismissal. It is from this judgment that plaintiff now appeals.

At the last trial, the court made a finding and entered a judgment on the pleadings and the evidence. The motion for new trial was sustained, the findings and judgment were set aside and a dismissal entered. A new judgment was entered on the pleadings and the evidence against the plaintiff, who filed no motion for new trial. "The trial court's judgment of dismissal thereupon entered was the same in force and effect as if originally made and entered 'at the close of the evidence.' The plaintiff thereupon became the 'aggrieved party,' vested with the right to file and present a motion for new trial. Comp. St. 1929, secs. 20-1142, 20-1143. This, the record before us discloses, he failed to do. No motion for a new trial in behalf of the plaintiff appearing in this record, the only question for this court presented thereby is the determination of whether the answer of the defendant supports the judgment entered. We are not permitted to go back of this judgment of the trial court to review anything done or any proceedings had prior to the judgment. *Johnson v. Songster,* 73 Neb. 724; *Farmers & Merchants Nat. Bank v. Mosher,* 63 Neb. 130; *Hansen v. Kinney,* 46 Neb. 207." *Hamaker v. Patrick,* 122 Neb. 688.

The answer of the defendant denies generally all the allegations of plaintiff's petition, thus presenting a defense to plaintiff's claim as set forth in his petition. In such a case, this court is required to affirm the judgment.

In view of the history of this protracted litigation over this unfortunate accident, it seems advisable to state, although unnecessary to a decision of the case, that a majority of the judges are of the opinion that the petition does not state a cause of action; that the amendment proposed more than four years after the accident should not

have been allowed, and that the evidence of negligence was insufficient to support a verdict.

AFFIRMED.