HENRY WARD *et al. vs.* WILLIAM B. ABBOTT *et al.*

*If account books, accompanied by the oath of the party making the charges, be improperly admitted in evidence ; yet if the opposing party request, that the books may go to the jury to prove a fact favorable to himself, he cannot after the trial, object to their admission.*

EXCEPTIONS from the Court of Common Pleas.

The action was against *Abbott* and *Brown*, on a note of hand, and on an account for goods sold, amounting to the same sum as the note. The note was signed by *Abbott*, and *Brown's* name also was signed by *Abbott* professing to act for him. *Abbott* was defaulted, and *Brown* defended. The plaintiffs introduced evidence to show, that there was a general partnership existing at the time, between *Abbott* and *Brown*, and contended, that if the jury believed that fact, that it gave *Abbott* authority to sign *Brown's* name to the note. But *Whitman C. J.* ruled, that the plaintiffs must prove by other evidence, that the note was given for merchandize or other property, which went into the partnership funds. The plaintiffs then offered their books with the oath of one of them, which evidence was objected to by the defendant, but admitted by the Judge. The books exhibited an account against *Abbott* only, and the testimony from one of the plaintiffs was, that the books were balanced by the note, and also that articles of merchandize to the amount of the note, suitable for such store as the defendants kept were delivered to *Abbott*. When the evidence was all out, the counsel for the defendant requested, that the books might go to the jury for their inspection, as they shew the charges to be made against *Abbott* alone. The Judge instructed the jury, that it was incumbent on the plaintiffs to prove, that the defendants were partners, and also, that the note was given for merchandize, such as the defendants were then dealing in ; and that if they were satisfied of both these facts, they would find their verdict for the plaintiffs. They did find for the plaintiffs, and the defendant, *Brown*, excepted to the ruling and instruction of the Court.

*Dunn*, for the defendants.

*Willis & Fessenden*, for the plaintiffs.

The opinion of the Court, after a continuance, was drawn up by

EMERY J. — It is insisted upon by the defendant's counsel that a fatal objection is apparent in the exceptions, that the plaintiffs were permitted to shew their books, and that one of them was permitted to testify, that they were balanced by the note, It appears that other satisfactory evidence was given, that the defendants were partners. Whatever objection might have arisen to the introduction of the books and suppletory oath; when we find in addition to this, that the books were permitted to go to the jury at the request of one of the defendants, in the hope doubtless that some benefit might result to him from the inspection and examination of them by the jury, it was equivalent to waiving all exceptions on account of their introduction. And we consider, that it would be wrong to permit the defendants now, after making the experiment, to be benefited by complaining of it, when it did not serve their purpose. There must be

*Judgment on the verdict.*