CRESSIE GREGORY, APPELLANT, v. DELONE LITTLE-
JOHN, APPELLEE.

1.  Contract: SPECIFIC PERFORMANCE. In an action for the specific performance of a contract for the conveyance of real estate, the defense presented by the answer was, that the written contract referred to in the petition had been signed by the parties to it, but not delivered, being placed in the hands of a custodian, the delivery not to be made until the defendant could examine

Gregory v. Littlejohn.

real estate, in Dundy county (which was to be accepted in exchange for the land involved in the action), for the purpose of ascertaining whether it complied with the representations made as to its quality. If the land to be examined proved satisfactory, the contract was to be delivered, otherwise not, and the proposed exchange to be abandoned. That upon an examination of the land, it was found not to be as represented, and the agreement was, therefore, not delivered. These and other questions of fact having been submitted to the trial court upon conflicting testimony, its decision thereon was sustained.

2. ————: EVIDENCE. Where a written agreement was signed and placed in the possession of a custodian to be held until certain conditions were to be complied with, the failure of the conditions can be proved by parol testimony, and such evidence would not be open to the objection that it contradicted or varied the terms of the written agreement.

APPEAL from the district court of Gage county. Heard below before BROADY, J.

*N. T. Gadd* and *Pemberton & Bush*, for appellant, cited: 1 Greenl. on Ev., Secs. 275, 281. *Beers v. Beers*, 22 Mich., 42. *Morrisson v. Lovejoy*, 6 Minn. (Gill.), 117. *Allen v. Furbish*, 4 Gray, 504. *Skinner v. Hendrick*, 1 Am. Dec., 43, and note. *Erwin v. Saunders*, 1 Cowen, 249 (13 Am. Dec., 520). 1 Greenl. on Ev., Sec. 281, and cases cited in note c. *Curtis v. Hokanson*, 38 N. W. Rep., 695. *Payne v. Ladue*, 1 Hill, 116.

*Burke & Prout*, for appellee, cited: 1 Greenl. Ev., Sec. 284. *Morrissey v. Schindler*, 18 Neb., 673. *Bernhard v. Brunner*, 4 Bosw., 528. *Broadwell v. Broadwell*, 1 Gilm., 599. *Ayres v. Milroy*, 53 Mo., 518. *Pepper v. State, ex rel. Harvey*, 22 Ind., 399. *Jackson v. Sheldon*, 22 Me., 569. Devlin on Deeds, Sec. 312. *Morgan v. Hardy*, 16 Neb., 427.

REESE, CH. J.

This is an action for the specific performance of a contract for the sale of real estate, and was instituted in the

district court of Gage county. The premises which plaint-
iff seeks to have conveyed to her are lots one and two, in
block one of the original town of Blue Springs. So far
as is necessary to be here stated, the averments of the pe-
tition were, that on the 20th day of January, 1886, the
defendant sold the property in dispute to the plaintiff, and
entered into an agreement in writing, duly signed, in re-
lation thereto. The contract of purchase is of great length,
and is set out in the petition and will not be here copied.
It provided that the real estate in dispute, together with
other property, was sold to plaintiff, the consideration
thereof being that plaintiff should relinquish to defendant
a timber claim and a homestead right in Dundy county.
It was alleged that plaintiff had performed all of the con-
ditions of the contract on her part, and by virtue of such
contract she had taken and was in possession of the prop-
erty, the title to which she sought by the proceeding.

The answer of defendant is to the effect that, prior
to the date of the purchase, plaintiff had represented to
him that she held the two government claims referred to,
which consisted of one hundred and sixty acres ; that they
were nice, smooth, and good land, and suitable for agricul-
tural purposes, as fine land as in the state; and upon such
representation he signed the contract. But, that by agree-
ment, it was deposited in the hands of a custodian until he
could go to Dundy county and examine the claims, for the
purpose of ascertaining whether they complied with the
representations made by plaintiff as to their quality ; that
in case he should be satisfied with the land, finding it as
represented, the contract in the hands of the custodian was
to be delivered, but not otherwise; that upon an examina-
tion of the land he found it worthless, or nearly so; that
its quality and value had been grossly misrepresented by
plaintiff; that he immediately notified her of that fact and
declined to consummate the trade. It is further alleged
that the possession of plaintiff of the real estate involved in

this action was by virtue of a contract of lease, made with him subsequent to the writing and signing of the agreement. And that, at the time of the commencement of the action, plaintiff was in possession of the property as tenant only.

The cause was tried to the district court, where a decree was rendered dismissing the plaintiff's petition. She appeals to this court.

We have examined the bill of exceptions, and are fully satisfied that the decision of the district court is sustained by the evidence.

It is shown, both by the testimony of defendant and of Mr. Pickering, the custodian of the contract, that it was not delivered, but left in Pickering's hands to be delivered, in case the claims referred to were found as represented, and satisfactory to the defendant.

There was evidence submitted which justified the finding of the district court, that the government claims which were to be relinquished to defendant were not as represented, and were substantially worthless; that defendant, after visiting Dundy county and examining the land, notified plaintiff of his determination of declining to carry out the conditions of the contract, or allow it to be delivered to plaintiff. There was, also, testimony sufficient to sustain the finding that plaintiff's possession of the real estate was by virtue of a contract of lease for one month, and not under any of the provisions of the agreement in the hands of Mr. Pickering, nor in consequence thereof. It is true the testimony of plaintiff contradicts that of witnesses on the part of defendant on all of these propositions; but it has doubtless by this time become the settled law of this state that, where the evidence is conflicting, and there is sufficient to sustain the finding of the trial court, it will not be molested.

It is insisted that the testimony admitted, tending to sustain the theory of defendant, that the contract was not

delivered but placed in the hands of Mr. Pickering, to await the decision of defendant after an examination of the land in Dundy county, was received for the purpose of contradicting or varying the terms of the written contract. This was clearly not the case, but for the purpose of showing that the contract had not been delivered, and was, therefore, no contract. *Ayres v. Milroy,* 53 Missouri, 518 ; and *Pepper v. State, ex rel.,* 22 Indiana, 399.

The decree of the district court is affirmed.

DECREE AFFIRMED.

THE other judges concur.