RICHARD BUYS ET AL., PROPONENTS, v. CHARLES BUYS ET AL., CONTESTANTS.

*Will—Mental capacity—Competency of witness.*

An intimate acquaintance of five years with a testatrix, terminating six years before she made her will, and frequent conversations with her during that period about her children, her life, and the hardships she had gone through, do not render the witness testifying to such facts competent to express an opinion as to the competency of the testatrix to make the will; citing *Prentis v. Bates,* 93 Mich. 242; *O'Connor v. Madison,* 98 Id. 188.[1]

_____

[1] See *People v. Borgetto,* 99 Mich. 336.

Error to St. Joseph. (Loveridge, J.) Argued February 14, 1894. Decided March 20, 1894.

Appeal from the probate of a will. Proponents bring error. Reversed. The facts are stated in the opinion.

*T. C. Carpenter* (*Howard & Roos*, of counsel), for appellants.

*P. W. Niskern* and *Charles A. Sturges*, for contestants.

Long, J. Elizabeth Buys departed this life in June, 1892, being then within 6 months of 100 years old. At her death there were living, of her children, Richard Buys, Daniel Buys, and Elizabeth Eberhard. Six children departed this life prior to her decease, three of whom left children. Her daughter Angelica Stowell left two children; James Buys, two; and Henry Buys, five. On February 5, 1885, a little over seven years before her death, Elizabeth Buys made a will leaving all her property to her then four living children, Richard Buys, Daniel Buys, Clara Buys, and Elizabeth Eberhard. Clara died before her mother. The will was admitted to probate in the probate court of St. Joseph county, and the grandchildren, who are the contestants here, appealed to the circuit court, where, upon a trial before a jury, the will was set aside. The will was contested upon the two grounds of mental incapacity and undue influence.

The first error assigned relates to the testimony of Sarah E. Church, who was called as a witness by the contestants, and permitted to answer the following question put to her on direct examination:

"From the manner in which she talked and acted and got around, and her actions and conversations and general manner of speaking, what was your opinion as to whether she was mentally capable of doing ordinary business, or not?"

This was objected to because the witness had not stated
sufficient knowledge of the testatrix to give an opinion
upon this point, and because the previous testimony of the
witness did not make her a competent witness in that
regard, and for the further reason that she had testified
that she knew the testatrix only from 1874 to 1879,—
the latter date being six years before the will was made.
The witness had testified, before this question was asked
her, as follows:

"I live in Sturgis, and have for 25 years. I knew Eliza-
beth Buys from 1874 to 1879. I was quite intimate with
her during that period. I had frequent conversations with
her. The conversations were about her children, her life,
about the hardships she had gone through, and such like
matters. Her conversations were mostly the same, repeated,
—just little family matters. During these years, I became
sufficiently acquainted with her to have a fixed opinion in
regard to her mental condition."

It will be noticed that the witness testified to nothing
that was inconsistent with the mental capacity of the
deceased. There is nothing in these talks which the
deceased had with the witness showing, or tending to show,
that the deceased was not perfectly rational, and competent
to make a will. The witness does not detail a single fact
or circumstance showing, or tending to show, incompetency;
and, under repeated rulings of this Court, it was not com-
petent to permit her to express any opinion as to the com-
petency of the deceased to make the will. As was said in
*Prentis v. Bates*, 93 Mich. 242:

"It may be a question of some difficulty to determine,
in all cases, whether a witness has shown himself compe-
tent, nor do we intimate that he may not be able to state
to the jury his opinion, after showing that there were acts
and appearances of the party which he is unable to de-
scribe to the jury, but which left an impression upon his
mind; but in the absence of this, and where the testimony
of the witness only goes the length of showing acts which
are entirely consistent with sanity, and which have not the

slightest tendency to show insanity, it would be a dangerous rule which would permit his opinion to be received."

It was also said by this Court in *O'Connor v. Madison*, 98 Mich. 188:

"There is no room for doubting that it is the settled law of Michigan that an opinion that a testator was incompetent can only be given when the witness has testified to circumstances upon which it is predicated, and which to some extent justify it. * * * The extent to which such proof must go cannot be limited by an inflexible rule. It must depend upon the familiarity of the witness with the testator, the character of the disqualification, the nature and number of extraordinary circumstances detailed, and proximity to the act involved in point of time. Taken as a whole, they should move the judicial discretion of the trial judge, by apprising him that the witness may fairly doubt the competency of the person upon reasonable grounds."

The witness, in the present case, was relating circumstances and conversations had with the deceased six years prior to the time of the will's being made. She stated no facts or circumstances which justified the court in permitting her to give an opinion upon that subject.

For this error the case must be reversed, and a new trial ordered.

We feel compelled, however, inasmuch as there is to be another trial, to state that the court should have directed the jury that there was no evidence of undue influence, and that question should have been taken from them.

The other Justices concurred.