L. E. THORNE AND MAX FRANK, *Partners*, v. THE
FIRST NATIONAL BANK OF HORTON.

**No. 313.**

1. EVIDENCE — *erroneous exclusion of, cured by subsequent admission*. The erroneous exclusion of testimony is cured by its subsequent admission.

2. ——— *party complaining of erroneous admission of hearsay, repeatedly offering like, facts being undisputed, error not reversible*. The admission of hearsay testimony over objection is erroneous; but where the party complaining, himself repeatedly offers like evidence concerning the same matter without objection, and all of the hearsay testimony tends to establish the same facts, which are undisputed, the error is not sufficient to compel a reversal of the judgment.

3. INSTRUCTIONS — *given and refused examined, and held that no error is shown*. Instructions refused and given examined, and *held*, that, so far as the instructions refused were applicable to the issues and evidence, they were included in the general charge given by the court to the jury. The instructions as given fairly presented to the jury the issues, and the court committed no error prejudicial to the plaintiff in refusing or giving instructions.

Error from Brown District Court. Hon. J. F. Thompson, Judge. Opinion filed December 18, 1897. *Affirmed.*

This action was brought by plaintiffs in error against the defendant in error, to recover damages for the defendant's negligence in presenting a draft, drawn by plaintiffs on a firm known as Craig Brothers, and sent to the defendant with instructions to promptly procure acceptance and to return if not paid. It was alleged that, fraudulently conniving with Craig Brothers to defraud their creditors, the defendant had failed to secure payment of the draft until it became impossible to do so through Craig Brothers' failure, of the proximity of which the defendant had knowledge.

The defendant denied the fraud, and knowledge of
the approaching failure, and alleged that it had used
due diligence in the premises.   Verdict was returned
and judgment rendered in favor of the defendant,
from which plaintiffs prosecute error.

*Tufts & Crowell*, for plaintiffs in error.
*James Falloon*, for defendant in error.

McElroy, J.   Complaint is made that the court
erred in excluding from the consideration of the jury
competent, material and relevant testimony.   The
interrogatories were competent and the court erred in
sustaining the objections ; but this was not reversible
error, for the reason that questions, embracing all that
was included in the excluded questions, were put in
the course of the further examination of the witness
and fully answered.   *C. B. U. P. Rly. Co. v. Andrews*,
41 Kan. 370.   The other testimony of the exclusion
of which complaint is made, was hearsay and incom-
petent.

The next complaint made is with reference to the
admission of evidence in regard to the Missouri store
of Craig Brothers.   All of the testimony shows that
the witness knew nothing of such store except from
hearsay.   It appears that both parties took turns at
introducing hearsay testimony in regard to the Mis-
souri store, all of which was immaterial.   We do not,
however, apprehend that such testimony did, in any
manner, affect the substantial rights of the plaintiffs
in error.

Complaint is also made that the court erred in giv-
ing, and refusing to give, certain instructions.   Most
of the instructions refused were properly so treated
because inapplicable to the testimony ; so far as any

of the instructions refused were applicable to the testimony, they were included in the general charge. The instructions as given fairly presented to the jury the triable issues as made by the pleadings and evidence in the case, and are not subject to any just criticism. The verdict and judgment are in accord with the weight of the evidence.

The judgment is affirmed.