JOHN H. PETTIBONE ET AL., APPELLEES, V. MARY FITZGER-
ALD, ADMINISTRATRIX, ET AL., APPELLANTS.

FILED NOVEMBER 20, 1901.   No. 10,519.

Commissioner's opinion, Department No. 1.

1. **Equity Case:** BILL OF EXCEPTIONS: DECREE: PLEADINGS. In an
equity case, where there is no bill of exceptions preserved, the
only question presented by the record is whether the decree is
supported by the pleadings.

2. **Contiguous Lots Sold Together.** The mere fact that the pleadings
show that two contiguous lots owned by the same person were
assessed, taxed and sold together does not of itself render the
tax proceedings illegal.

3. **Official Action:** PRESUMPTION: The law presumes that the officer
making the assessment performed his full duty, and until the
contrary is made to appear, it will be presumed that the lots
were so situated as to render their assessment together nec-
essary.

APPEAL from the district court for Cass county.
Heard below before RAMSEY, J.   *Affirmed.*

*James Manahan,* for appellants.

*Jesse L. Root, contra.*

Argued orally by counsel for both parties.

DAY, C.

This suit was brought by John H. Pettibone and others,
in the district court for Cass county, against Mary Fitz-
gerald, administratrix, and others, to foreclose a lien
claimed by virtue of certain tax-sale certificates issued
to appellees by the county treasurer of Cass county. The
trial resulted in a finding and judgment in favor of the
appellees, to review which appellants have brought the
case to this court by appeal.

Appellants' bill of exceptions was quashed by this court,

February 9, 1899, so that the only questions now presented arise on the pleadings and the decree.

It appears from the petition that two lots were assessed and valued in gross as lots "1 and 2 in block 28." The taxes were levied against these lots in an aggregate amount, and on the same becoming delinquent they were sold together for a lump sum by the county treasurer. The decree of the lower court also gave the holders of the county treasurer's tax-sale certificate a lien on both lots in a gross amount and ordered both lots sold to satisfy the lien. The same is also true of the second and third counts of the petition, where the property is described, respectively, as "lots 7 and 8 in block 28" and "lots 5 and 6 in block 94." The answer of appellants was substantially a general denial.

Appellants contend that the assessment, levy and sale of the different lots in gross is illegal under our revenue laws. Article 1, section 5, chapter 77 of the Compiled Statutes of 1901, is cited by counsel for appellant. This section provides as follows: "Each tract or lot of real property shall be valued at its fair value, estimated at the price it would bring at a voluntary sale thereof, where public notice had been given, and a payment of one-third cash and the balance secured by a mortgage upon the property." Section 52 of the same chapter provides that the assessor shall "actually view and determine as nearly as practicable, the value of each tract or lot of land listed for taxation." Section 109 directs the treasurer to add for each town lot the sum of ten cents to defray expenses of advertising, which sum shall be added to the amount due on said lot for taxes, and collected in the same manner as the taxes.

As to all of the property described in the five causes of action, it was alleged in the petition that when the property was assessed and taxed it was owned by John Fitzgerald. The court found that this allegation was true. The mere fact that the lots were not assessed, taxed and sold separately, does not of itself render the proceedings

illegal and void. It may have been that the lots are so situated and improved that their valuation separately could not have been determined. The presumption of law is always in favor of the due performance of official duty by public officers, and until the contrary is made to appear it will be presumed that such officers have performed the duties enjoined upon them by law. *Taylor v. Wilson,* 17 Nebr., 88. In the absence of a showing to the contrary, the court will presume that the lots were so situated as to be incapable of separate valuation. The question here presented is discussed in *Spiech v. Tierney,* 56 Nebr., 514, from which we quote the following: "In 1871 and 1876 the three lots were assessed as an entirety, and taxes apportioned against the property on the gross valuation thereof. It is argued on behalf of the appellees that this method of taxation was unauthorized and that the taxes for those years can not be enforced. We think otherwise. The lots were contiguous. They may have been so occupied, used, and improved that a valuation and sale in distinct parcels would not have been practicable. They were owned by the same parties, and the taxes were not merely a charge against the land. The entire personal estate of the owners, within the county, was liable for their payment. Under these circumstances we can not see any just ground for complaint because the lots were not separately valued and a tax based on such valuation apportioned against each. In *Mix v. People,* 116 Ill., 265, it was held under a statute requiring a separate valuation that the presumption would be indulged in favor of the proceedings of the assessor; that the lots were so situated that their valuation could not be separately determined, as if one building had covered part of both lots. In *Dodge v. Emmons,* 34 Kan., 732, 735, the supreme court of Kansas, considering the question now before us, say: 'The mere fact that there are two descriptions does not determine that there were more than a single piece or parcel of land within the meaning of the tax laws. That is to be determined rather from the situation, use, and occupation of

the land; and so it has been held that "where two or more tracts of land adjoin each other, and are used and occupied as one tract, they may all be taxed together and sold together as one tract." A section of land lying in the same taxing district, which is owned by a single individual, and which is used, occupied and treated as a single tract, although containing many legal subdivisions, may be listed and taxed as a single tract; and so may any compact portion of the same situated and treated in like manner.' See, also, *Wright v. Cradlebaugh*, 3 Nev., 345, and *People v. Morse*, 43 Cal., 541."

In our opinion, the decree is supported by the pleadings, and it is therefore recommended that the judgment be affirmed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.