CADET TAYLOR ET AL. V. JAMES M. WECKERLY.

FILED SEPTEMBER 17, 1903.  No. 12,269.

1. **Banks:** INSOLVENCY: BOND. While section 35, chapter 8, Compiled Statutes, provides for the delivery of the assets of an insolvent bank to the officers, stockholders or owners furnishing such bond, a delivery thereof to one of several parties entitled thereto by virtue of the statute, does not relieve the sureties on such bond from liability thereon, where, by their acts, they assent to such delivery and ratify it.

2. **Review:** PARTIES: CAPACITY. The question of a defect of parties and of the legal capacity of the plaintiff to maintain an action can not be successfully urged for the first time in this court.

3. **Evidence.** Evidence examined, and *held* sufficient to sustain the finding of the trial court.

ERROR to the district court for Douglas county: WILLIAM W. KEYSOR, DISTRICT JUDGE. *Affirmed.*

*Arthur S. Churchill,* for plaintiffs in error.

*Arthur C. Wakeley, contra.*

ALBERT, C.

In June, 1896, the state bank examiner reported the defendant bank insolvent to the state banking board, which thereupon directed the attorney general to institute proceedings for the appointment of a receiver, the examiner retaining possession of the assets of the bank. Afterward, in the same month, H. O. Devries, president, Cadet Taylor, vice-president, Daniel T. Mount, a director, and the Globe Loan & Trust Company, a stockholder, of the bank, furnished a bond in compliance with the proviso in section 35, chapter 8, Compiled Statutes (Annotated Statutes, 3735), for the voluntary liquidation of the liabilities of the bank, within three years from the date of the bond. The bond was approved by the state banking board, which, thereupon, directed the bank examiner in custody of the assets of the bank to turn them over to Cadet Taylor, one of the parties furnishing the bond, which was accordingly done.

On the 30th day of March, 1896, and before the bank had been found insolvent, it issued a certificate of deposit to James M. Weckerly, the plaintiff, for $1,050, payable seven months after date, which was wholly unpaid after the time fixed in the bond for the liquidation of the liabilities of the bank, and at the commencement of this action.

This action was brought on the bond, by the plaintiff, against all the obligors, to recover the amount due on the certificate of deposit. While the action was pending in the district court, the defendant H. O. Devries died, and the action was revived in the name of his administratrix.

The petition, among other things, alleges that, upon the approval of the bond, the state banking board turned over the assets of the bank to the parties furnishing the bond, namely, the defendants, Cadet Taylor, H. O. Devries, David T. Mount and Globe Loan & Trust Company, who thereupon took and assumed, and who have ever since remained in possession and control thereof. The bank made default. The other defendants answered, denying that the assets had been turned over to the said parties furnishing the bond, and alleging that the assets were turned over to Cadet Taylor alone, who thereupon took and has ever since been in possession and control thereof. The reply denies that the assets were turned over to Cadet Taylor alone, but avers that, if they were nominally delivered to Taylor, they were so received by him for and in behalf of himself and the other defendants furnishing the bond, and with the knowledge, approval and ratification of all the defendants; that whatever has been done by said Taylor with respect to the custody, management and disposition of the assets of the bank, has been done for the use and benefit, and with the consent and direction, of the makers of the bond, for the purpose of receiving the benefits of the statute heretofore mentioned. The foregoing condensation of the pleadings shows the only questions of fact litigated in the case. There was a trial to the court, without a jury, and a finding and judgment for the plaintiff. The answering defendants bring error.

The main contention of the defendants is, that the assets were not delivered to H. O. Devries, Cadet Taylor, David T. Mount and the Globe Loan & Trust Co., the parties furnishing the bond, but to Taylor alone, and, consequently, the defendants are not liable on the bond because section 35, *supra*, providing for such bond, requires the state banking board to turn over the assets "to the officers, stockholders, or owners of the said bank furnishing the said bond."

It will be conceded that the section referred to, so far as material, is a part of every offer, implied by the tender of a bond in pursuance of its provisions.   That being true, when the parties tendered the bond in question to the state banking board, it amounted to an offer on the part of the obligors to be bound by the terms thereof, provided the state banking board would turn over to the parties furnishing the bond the assets of the bank.   Like any other offer, it would not become binding until accepted.   It is elementary, that an offer, to become binding, must be accepted as made, unless the party making the offer assent to a qualified acceptance.   The evidence in this case is conclusive, that the offer, implied by the tender of the bond in question, was not accepted and acted upon by the state banking board in the precise terms in which it was made, because the formal delivery of the assets was made by the banking board to but one of the parties furnishing the bond.   But the evidence is ample to sustain a finding that, while this is true, the other parties to the action assented to such qualified acceptance and to some extent, at least, joined with the party to whom the assets were delivered in the control and management of the assets.   That being true, they are in no position now to urge that the delivery to Taylor was unauthorized, nor that it absolves them from liability on the bond.

Another question ably presented by the defendants in the arguments is that the penalty named in the bond is in the nature of a trust fund for the benefit of all the creditors, and that a single creditor of the bank can not maintain an

action on the bond in his own name and for his exclusive benefit. But this question was not raised, either by demurrer for defect of parties, or for want of legal capacity of plaintiff to maintain the action, nor does it appear to have been raised in any way, save in the argument addressed to this court. We think the objection comes too late to be available, whatever its merits had it been presented opportunely.

It is recommended that the judgment of the district court be affirmed.

AMES and DUFFIE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.