PHILIP MCINTYRE V. L. K. MOTE, SHERIFF.

FILED NOVEMBER 10, 1906. No. 14,797.

Appeal: PRACTICE. Under the practice of this court, where the record contains no bill of exceptions and the pleadings are sufficient to support the judgment of the trial court, it will be affirmed.

ERROR to the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Philip McIntyre, pro se.*

*Norris Brown, Attorney General, W. T. Thompson* and *J. B. Strode, contra.*

LETTON, J.

This is a proceeding in error to review a judgment of the district court for Dawes county refusing to discharge the petitioner, Philip McIntyre, upon a writ of habeas corpus. The petitioner alleges that he was not convicted of any crime or offense and that he is illegally deprived of his liberty, having been brought from the state of Virginia into this state without any demanding writ from the governor of Nebraska or rendition writ of the governor of Virginia, contrary to the laws and constitution of the United States and of the state of Nebraska. He prays that he may be discharged from such illegal custody, and not molested until he has had time to return to the state of Virginia. At the hearing, the district court found in favor of the regularity and sufficiency of the proceedings and writ whereunder the petitioner was held, denied his petition and remanded him to the custody of the jailer to await trial upon the information pending against him. No bill of exceptions was preserved, and no motion for a new trial filed. Under the practice of this court, where the record contains no bill of exceptions and the pleadings are sufficient to support the judgment of the trial court, it will be affirmed.

The petition in error and the brief of the petitioner are couched in somewhat rambling and confused language, and it is difficult to see what particular point the petitioner seeks to raise thereby. Nevertheless, and though not required to do so, we have examined the return of the sheriff to the writ, which sets forth the proceedings under which the petitioner was arrested and is detained. It appears that on April 26, 1905, Allen G. Fisher filed his complaint against the petitioner in the district court for Dawes county, in substance charging the petitioner with forging a bill of exchange for $250, and uttering and publishing the same as true and genuine, with the unlawful intent to defraud. Afterwards there was filed by leave of court an information by the county attorney

of Dawes county, under section 585 of the criminal code, charging Philip McIntyre as a fugitive from justice with the same crime as in the complaint, and the clerk was directed to issue a bench warrant for the apprehension of the said McIntyre upon the charges in the information as a fugitive from justice of the state of Nebraska. This warrant was issued May 1, 1905. On the 20th of December, 1905, the governor of Virginia issued his warrant of rendition, reciting the proceedings in the district court for Dawes county, Nebraska, a request upon him by the governor of this state for the rendition of the accused, and directing the officers of the state of Virginia to arrest McIntyre, to afford him an opportunity to sue out a writ of habeas corpus, and afterwards to deliver him into the custody of L. K. Mote, the sheriff of Dawes county. The return of the sheriff further shows that in pursuance thereof he presented the warrant of rendition to one Tomlinson, an officer of the city of Richmond, Virginia, who thereupon arrested McIntyre, gave him an opportunity to sue out a writ of habeas corpus, and afterwards delivered McIntyre to him, and that by virtue of the warrant of rendition and the bench warrant he brought the petitioner to this state and now holds his body in the county jail. The proceedings set forth in the return seem in all respects to be regular and in accordance with law. Under the provisions of section 373 of the criminal code the return of the officer must be considered as *prima facie* evidence of the facts therein cited. No facts inconsistent therewith or contradictory thereof have been shown to exist. The petitioner therefore does not seem to be unlawfully restrained, but, on the contrary, appears to be legally confined by virtue of the complaint, the information and the warrant based thereupon.

The judgment of the district court is

AFFIRMED.