IN RE ESTATE OF MILTON CHENEY.

MARILLA CHENEY, APPELLEE, V. ELIHU CHENEY ET AL., APPELLANTS.

FILED JANUARY 17, 1907. No. 14,439.

1. **Pleading: WAIVER.** Where no reply is filed, and a cause is tried and submitted on the theory that a material allegation of the answer is in issue, a claim that such allegation stands admitted comes too late, when made for the first time after verdict.

2. **Wills: EVIDENCE.** Where the mental capacity of a testator to make a will is put in issue when the will is offered for probate, a question calling for the opinion of a witness as to whether, at the time the will was made, the testator had sufficient mental capacity, or was able to make a last will and testament, is improper, and the answer should be excluded.

3. **Trial: OBJECTIONS.** An objection to such question, that it is incompetent and calls for the opinion of the witness, is sufficiently specific.

4. ————: **WAIVER.** Where a party objects to the reception of such evidence, and preserves his exception, he does not waive the error by subsequently introducing similar evidence for the purpose of meeting his adversary's case, rebutting the evidence to which he excepted, but without any intention of abandoning his exceptions.

APPEAL from the district court for Butler county: ARTHUR J. EVANS, JUDGE. *Reversed.*

*L. S. Hastings,* for appellants.

*C. H. Aldrich* and *L. B. Fuller, contra.*

ALBERT, C.

This is an appeal from a judgment admitting a will to probate. The will was contested on the ground that at the time it was made the testator was not of sound and disposing mind, and that in the making thereof he was unduly influenced by his wife, who is the proponent and principal beneficiary.

One question now argued at length was presented to the trial court by a motion on behalf of the contestant for judgment notwithstanding the verdict. This motion is based on the fact that no reply was filed by the proponent denying the allegations of undue influence. The record shows that the cause was tried and submitted to the jury on the theory that those allegations were denied. The question therefore was raised too late. *Pokrok Zapadu Publishing Co. v. Zizkovsky,* 42 Neb. 64.

A more serious question arises from the admission of certain evidence offered by the proponent. She called several witnesses to testify to the mental condition of the testator at the time the will was made. One of these witnesses, after testifying to his acquaintance with the testator, and to certain facts and circumstances sufficient to enable him to form an opinion as to the testator's soundness of mind, was asked this question: "Now you may state whether or not on February 20, 1897 (the date of the will), in your judgment Milton Cheney (testator) was able to make a last will and testament." An objection was interposed by the contestants, which was overruled, and the witness answered: "He was." A similar record was made with respect to at least three other witnesses produced by the proponent, and the case was submitted to the jury on the theory that such opinions were competent evidence on the question of testamentary capacity.

The contestants contend that the court erred in overruling their objections to the question put to these witnesses, calling for an opinion as to the testamentary

capacity of the testator, and we think their contention is well founded. The question required the witnesses to usurp the functions of both court and jury, because it required them to determine the degree of mental capacity required to make a will, which is a question of law, and whether the testator, when the will was made, was possessed of such capacity, which was the principal issue for the jury to determine. As has been said: "Whatever liberality may be allowed in calling for the opinions of experts or other witnesses, they must *not usurp the province of the court and jury* by drawing those conclusions of law or fact upon which the decision of the case depends." 2 Jones, Law of Evidence, sec. 374. Dealing with the precise question now under consideration, the court in *Kempsey v. McGinniss*, 21 Mich, 123, said: "If each witness is allowed to fix his own legal standard of testamentary capacity, no two of them will be likely to fix upon the same; and there may be an apparent agreement while they differ in fact, and an apparent conflict when there is a real coincidence in opinion; and the jury have no means of knowing the real meaning of the witnesses or judging of the value of their testimony." The same question was under consideration in *May v. Bradlee*, 127 Mass. 414, where the court said: "What degree of mental capacity is necessary to the making of a will is a question of law, which was not to be determined by the witness, and as to which he could not be assumed to be informed, unless the legal requisites of testamentary capacity were stated in the interrogatory, or otherwise explained to him. Without some such explanation, it would be impossible to say that the witness, the jury and the judge were not each governed by a different standard in settling the question." To the same effect are the following: *Runyan v. Price*, 15 Ohio St. 1; *Pelamourges v. Clark*, 9 Ia. 1; *In re Betts' Estate*, 113 Ia. 111; *Marshall v. Hanby*, 115 Ia. 318; *Buys v. Buys*, 99 Mich. 354; *Fairchild v. Bascom*, 35 Vt. 398; *In re Estate of Taylor*, 92 Cal. 564; *Hall v. Perry*, 87 Me. 569; *Brown v. Mitchell*, 88 Tex.

350. See 17 Cyc. 238. Cases directly opposed to the foregoing are not wanting, but they are against the decided weight of authority and contrary to settled principles.

It has been suggested that the jury would give no weight to such evidence, and consequently that its reception was error without prejudice. The suggestion is entirely without merit. On whatever theory, or at whatever stage of the trial it was received, it went to the jury under the sanction of the court as part of the evidence in the case. No one can say with certainty that it was not considered, or had no weight with the jury. They were instructed to weigh the evidence, and the presumption is they did so. While such evidence would have little weight with some men, it appeals strongly to a type of mind, by no means uncommon, ready to accept any solution of a problem offered rather than undertake an independent investigation.

But it is argued that the objections to these questions were not sufficiently specific to save the record. The office of an objection is to direct the attention of the trial court to the objectionable character of the evidence and the grounds upon which it is challenged, and it should be sufficiently specific for that purpose. In this case, as often as the question was propounded, it was objected to on the grounds, among others, that it was incompetent and called for an opinion of the witness. Taking into account the form of the question, it seems to us the objection was sufficiently specific to call the attention of the court to the objectionable character of the evidence sought to be elicited and the grounds upon which the reception was resisted.

It is also claimed that the contestants have waived error in the admission of this testimony, for the reason that they propounded similar questions to their own witnesses. It is true the general rule is that an error in the admission of evidence is waived where the party aggrieved thereby subsequently introduces the same evidence. *Thorne v. First Nat. Bank*, 6 Kan. App. 194, 51 Pac. 300;

*Ward v. Abbott,* 14 Me. 275; *Coit v. Waples,* 1 Minn, 110. But a different rule obtains where a party, after objecting to evidence and excepting to the ruling thereof, introduces similar evidence, as in this case, solely for the purpose of meeting his adversary's case, rebutting or combating the evidence to which he excepted, but without any intention of abandoning his exceptions. *Richardson v. City of Webster City,* 111 Ia. 427, 82 N. W. 920; *Washington Township F. C. F. & G. L. Co. v. McCormick,* 19 Ind. App. 663, 49 N. E. 1085.

It is also claimed by the proponent that the verdict is the only one that would have been warranted by the record, even if the evidence in question had been excluded, and consequently that its reception, if error, is without prejudice. This claim, we think, is unfounded. We have examined the evidence at length, and, while we express neither approval nor disapproval of the verdict, we are satisfied that, had it been the other way, it would not have been set aside by this court for want of sufficient evidence to sustain it.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

                                        REVERSED.