STEPHEN A. MOORE, APPELLEE, v. NETTIE L. MOORE,
APPELLANT.

FILED DECEMBER 26, 1919.   No. 20647.

1. **Pleading**: PETITION: SUFFICIENCY ON APPEAL. "Where a petition is for the first time assailed in this court because of its alleged failure to state a cause of action, its allegations will receive a liberal construction, with a view of giving effect to the pleader's purpose, and, if possible, sustaining the petition." *Chicago, R. I. & P. R. Co. v. Kerr*, 74 Neb. 1.

2. ———: ———: ———: CONSTRUCTION BY PARTIES. "A reviewing court will not only liberally construe a petition thus assailed, in order to uphold it if possible, but will view it in the light of the entire record; and where, from the nature of the answer and the testimony adduced, it appears that both parties have placed the same construction on such petition, this court will not ignore such construction in ruling on the sufficiency of the petition, even though the petition standing alone might not admit of such construction." *Chicago, R. I. & P. R. Co. v. Kerr*, 74 Neb. 1.

3. ———: ———: AIDER BY ANSWER. "A defective or ambiguous petition may be aided and its infirmities cured by the averments of the answer." *Beebe v. Latimer*, 59 Neb. 305.

4. ———: FAILURE TO REPLY: WAIVER. "Where no reply is filed, and a cause is tried and submitted on the theory that a material allegation of the answer is in issue, a claim that such allegation stands admitted comes too late, when made for the first time after verdict." *In re Estate of Cheney*, 78 Neb. 274.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*L. B. Day* and *Prince & Prince,* for appellant.

*J. B. Randolph* and *John O. Yeiser, contra.*

DEAN, J.

Pursuant to his petition, plaintiff obtained a decree of divorce. Defendant in her cross-petition prayed that the petition be dismissed, and that she "have a decree of separate maintenance." Her cross-petition was dismissed, and she appealed.

Defendant on appeal presents only two questions: "First. That the pleadings conferred upon the court of Douglas county no jurisdiction. Second. That the evidence in the case shows that Stephen A. Moore had not been a resident of the state of Nebraska for a sufficient length of time to be entitled to maintain the action."

In the petition it is alleged: "(1) Plaintiff is and has been a resident of Nebraska for more than two years before the commencement of this suit." In her answer and cross-petition defendant denies plaintiff's allegation respecting residence, and alleges that her husband left the state in September, 1916, and established his residence elsewhere; that "plaintiff has not a *bona fide* intention of making Omaha, Douglas county, Nebraska, his permanent home; that he came to Omaha, and that he is now residing in Omaha, for the sole and only purpose of maintaining and prosecuting this action for a divorce against the defendant; * * * that the defendant is a resident of Omaha, Nebraska, and has been a resident of said Omaha, Nebraska, since the 19th day of May, 1917; that defendant took up her residence in Omaha, Nebraska, for the purpose of contesting this divorce action."

For the first time the petition is assailed here on the ground of alleged failure to state a cause of action. We have held that under such circumstances a petition should be liberally construed and considered in the light of the answer, the testimony, and of the record generally, to the end that, if possible, effect may be given to the pleader's purpose and the petition sustained. *Chicago, R. I. & P. R. Co. v. Kerr,* 74 Neb. 1. The allegations of the petition and the answer, when considered together, seem to us to bring the case within sections 1567, 1569, Rev. St. 1913, and together they sufficiently plead the jurisdictional facts.

There is evidence tending to prove that plaintiff has been a resident of Nebraska since 1913, and that he was for the most of the time during that period in the employ

of the Union Pacific Railroad as a machinist. It seems that one so employed might be at his permanent residence but a part of the time, and yet it would remain his legal residence. From the evidence it appears that when the petition was filed, and for some time prior thereto, the parties both resided at Omaha. Plaintiff points out that defendant pleads in her answer that her husband is residing in Omaha, and that his residence there is only for the purpose of prosecuting this action. From this he argues that defendant's plea respecting his place of residence and her allegation that it is made for a fraudulent purpose became a material issue tendered by her, and that, such issue having been resolved by the court in his favor, the finding of the court on a disputed question of fact should not, under repeated decisions, be disturbed unless it is clearly wrong. In view of the record we think the court did not err in the premises.

Defendant complains because no reply was filed. But the case was evidently tried on the theory that the allegations of the answer and cross-petition were denied, and in that case the reply is deemed to be waived where, as in the present case, objection was not made until after judgment. *In re Estate of Cheney,* 78 Neb. 274.

We conclude that the record sufficiently shows that the court was clothed with jurisdiction to hear and to determine the controversy. The judgment is therefore

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.