JUANITA HAMAKER, APPELLANT, V. ABRAHAM L. PATRICK, APPELLEE.

FILED MARCH 11, 1932. No. 27986.

*Herman Aye* and *L. J. Te Poel,* for appellant.

*William Baird & Sons* and *L. C. Hupp, contra.*

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and CHASE and HASTINGS, District Judges.

PER CURIAM.

This is an action at law. Plaintiff's petition set forth two causes of action. There was a trial to a jury with verdict and judgment for plaintiff.

At the close of the evidence, the bill of exceptions discloses that the defendant moved the court to direct a verdict in favor of the defendant "for each and all of the following reasons," which included the insufficiency of the evidence to sustain a verdict in favor of the plaintiff and against the defendant. However, the cause was duly argued to the jury, a verdict returned for the plaintiff, and a judgment entered thereon. Within the time provided by statute, the defendant filed a motion for a new trial. At the time of hearing on this motion the following order was entered:

"This cause having duly come on for hearing on January 30, 1931, on the motion of the defendant, Abraham L. Patrick, to vacate and set aside the verdict of the jury and the judgment rendered thereon on January 8, 1931, and for a new trial, and the same having been duly submitted and heard and argued by counsel for the parties

and having been taken under advisement, and the court now being fully advised in the premises finds:

"That the motion of the defendant should be sustained, and also finds that the motion of the said defendant for a directed verdict or for a dismissal of the action, duly made by the said defendant at the close of the evidence, in the trial in the above action, should be sustained and the action dismissed.

"Wherefore, it is ordered and adjudged by the court that the motion of the defendant to vacate and set aside the verdict and judgment and for a new trial, heretofore referred to, be and the same is hereby sustained, and the verdict of the jury and the judgment thereon rendered and entered on January 8, 1931, be and are hereby vacated, set aside and annulled.

"It is further ordered and adjudged that the order of the court overruling the motion of the defendant for a directed verdict or a dismissal of the action, made at the time of the closing of the evidence in the trial of this case, be and is hereby vacated and set aside, and said motion be and is hereby sustained, and the above entitled action be and is hereby dismissed," etc.

"Dated February 28, 1931."

It is obvious that the effect of the court's judgment above set forth was to annul and set aside all proceedings subsequent to the motion made by the defendant, at the close of the evidence of all the parties, to dismiss or for an instructed verdict in his behalf. The trial court's judgment of dismissal thereupon entered was the same in force and effect as if originally made and entered "at the close of the evidence." The plaintiff thereupon became the "aggrieved party," vested with the right to file and present a motion for a new trial. Comp. St. 1929, secs. 20-1142, 20-1143. This, the record before us discloses, he failed to do. No motion for a new trial in behalf of the plaintiff appearing in this record, the only question for this court presented thereby is the determination of whether the answer of the defendant supports

the judgment entered. We are not permitted to go back of this judgment of the trial court to review anything done or any proceedings had prior to the judgment. *Johnson v. Songster,* 73 Neb. 724; *Farmers & Merchants Nat. Bank v. Mosher,* 63 Neb. 130; *Hansen v. Kinney,* 46 Neb. 207.

So, too, an objection that the findings and judgment of the court are not supported by sufficient evidence is, in the face of this record, unavailing, it failing to show that a motion for a new trial was filed and ruled on. *Gretna State Bank v. Grabow,* 52 Neb. 354; *Losure v. Thompson,* 45 Neb. 466.

The allegations in the defendant's answer presenting a defense to plaintiff's claim set forth in his petition, we are required to affirm the action of the trial court.

AFFIRMED.