JAMES MCDANIEL, APPELLEE, v. WILLIAM MCDANIEL ET AL., APPELLANTS.

FILED OCTOBER 23, 1936. No. 29197.

*Charles H. Slama,* for appellants.

*Schiefelbein & Donato, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

EBERLY, J.

This is an action in equity between James McDaniel, as plaintiff, and William McDaniel, his wife Mary McDaniel, and Ernest S. Schiefelbein, as defendants, tried in the district court for Saunders county. The purpose of the action was to secure the cancelation and annulment of a certain deed executed by plaintiff and his wife, and by them delivered to defendant Ernest S. Schiefelbein in escrow; and also to obtain the cancelation of an agreement in writing entered into by the plaintiff and wife with the defendant William McDaniel and his wife pertaining only to the deed constituting the escrow, and for other relief.

After a trial "on the amended petition of the plaintiff, and the answer thereto of the defendants William McDaniel and Mary McDaniel, and the evidence," decree was entered for plaintiff as prayed. From the order of the trial court denying their motion for a new trial, defendants appeal.

It may further be said that the bill of exceptions containing the testimony adduced on the trial of the case was quashed by order of this court entered on March 5, 1936.

This situation materially restricts the limits of the review to which appellants are entitled.

In an equity case, where the evidence adduced on the trial is not preserved by bill of exceptions duly allowed, the only question presented by the record is whether the decree is supported by the pleadings. *Pettibone v. Fitzgerald,* 62 Neb. 869, 88 N. W. 143; *Beatrice Savings Bank v. Beatrice Chautauqua Assembly,* 54 Neb. 592, 74 N. W. 1065; *Grove v. Dineen,* 4 Neb. (Unof.) 722, 96 N. W. 253; *McIntyre v. Mote,* 77 Neb. 418, 109 N. W. 763.

The appellants challenge the right to maintain the action because of an alleged defect of parties defendant. The record does not disclose that this question was in any manner presented to the trial court. We are committed to the rule, viz.:

"The question of a defect of parties and of the legal capacity of the plaintiff to maintain an action cannot be successfully urged for the first time in this court." *Taylor v. Weckerly,* 69 Neb. 739, 96 N. W. 618. See, also, 20 Standard Ency. of Procedure, 998.

Appellants also challenge the correctness of the decree because of the failure of plaintiff to file a reply to the answer of the defendant and to new matter set forth therein. However, the decree entered by its terms fairly discloses that the court tried the cause on the theory that the material allegations of the answer were in issue. This decree was not challenged by the appellants in their motion for a new trial on the ground here presented. We are committed to the rule that, where no reply is filed, and a cause is tried and submitted on the theory that a material allegation of the answer is in issue, a claim that such allegation stands admitted comes too late when made for the first time after verdict or decree entered, or if made for the first time on appeal. *In re Estate of Cheney,* 78 Neb. 274, 110 N. W. 731; *Moore v. Moore,* 104 Neb. 122, 175 N. W. 665; *Hunter v. Weiner,* 103 Neb. 538, 172 N. W. 521; *Schuster v. Carson,* 28 Neb. 612, 44 N. W. 734.

Lastly, appellants complain that paragraph 4 of the

amended petition, on which the case was tried in the district court, to the effect that "it was fully understood and agreed by all the parties to said agreement that if the terms of said agreement to be performed by said William McDaniel and Mary McDaniel, or any of them, were disregarded or broken, that, in that event, the plaintiff under the provisions of said agreement giving him a lien on said real estate for sums of money therein provided, remaining unpaid, could at his option demand payment of said unpaid amount or proceed to repossess himself of the real estate in said agreement described," was at complete variance with a copy of exhibit "A" attached to plaintiff's petition.

It will be noted that, in reference to the additional agreement so pleaded, it is not alleged as an "oral agreement." The language employed was equally applicable to a written agreement, if such it was. We have no bill of exceptions to determine this fact. In the absence of affirmative proof to the contrary, the finding and judgment of the trial court must be deemed correct.

However, waiving this point for the present, exhibit "A" is a written contract, signed by James McDaniel and his wife, as parties of the first part, and William McDaniel and his wife, as parties of the second part. It is not executed by Ernest S. Schiefelbein, the holder of the escrow. It thus appears that, while exhibit "A" is a bilateral contract, the transaction necessarily involves a tripartite agreement. The legal effect arising from this situation may be seen in the following:

"A and B make an informal contract by which A agrees to give his sealed promise to pay $10,000 and B agrees to transfer Blackacre and Whiteacre, documents to be exchanged at the C bank. A immediately thereafter writes and seals a promise for the agreed amount, and delivers the document to the C bank, stating that it is not to be binding until B shall deliver a conveyance of Blackacre and Brownacre. B tenders in accordance with the original contract a conveyance of Blackacre and Whiteacre. A's promise does not become a contract under seal. He has violated his

original contract with B, but the condition imposed by him when delivering his written promise in escrow is nevertheless operative." Restatement, Contracts, sec. 103, illustration 2 under subsection (2).

The transaction involved in the present case may be properly regarded as an escrow, which is properly defined as "a written instrument, which by its terms imports a legal obligation, deposited by the grantor, promisor, or obligor, or his agent with a stranger or third person, * * * to be kept by the depositary until the performance of a condition or the happening of a certain event and then to be delivered over to take effect." 21 C. J. 865.

"Until the performance of the condition the legal title to the land to be conveyed remains in the grantor." 21 C. J. 882. See, also, *Patrick v. McCormick,* 10 Neb. 1, 4 N. W. 312; *County of Calhoun v. American Emigrant Co.,* 93 U. S. 124, 23 L. Ed. 826; *Muirhead v. McCullough,* 234 Mich. 52, 207 N. W. 886.

The form of the transaction implies the power of termination by the promisee in the event of failure to reasonably perform the controlling conditions required.

In *Crane Falls Power & Irrigation Co. v. Snake River Irrigation Co.,* 24 Idaho, 63, 133 Pac. 655, it was held that, although a grantor cannot withdraw the instrument deposited as escrow when the grantee has complied with his part of the escrow agreement, he may do so upon actual failure of the grantee to perform. See, also, Restatement, Contracts, sec. 103, subsection (2).

In addition, the essential nature of this tripartite transaction is such as to modify the application of 'the parol evidence rule on which, it appears, appellants rely in the present appeal. Thus, authorities lay down the governing principle in the following language: "The condition upon which an instrument is delivered in escrow need not, however, be expressed in writing, but may rest in parol, or be partly in writing and in part oral. The rule that a contract or instrument made in writing inter partes must be deemed to contain the entire writing or understanding has no ap-

plication in the case of escrows." 10 R. C. L. 623, sec. 5. See, also, 21 C. J. 868.

These principles were accorded recognition by this court in the rule announced by it in *Gregory v. Littlejohn,* 25 Neb. 368, 41 N. W. 253. See, also, *Stanton v. Miller,* 58 N. Y. 192.

It is obvious, therefore, that the contention of the appellants that the language contained in paragraph 4 involves a fatal contradiction of the terms of exhibit "A" attached to plaintiff's petition, thus necessitating the reversal of the judgment entered herein, cannot be sustained.

No substantial errors appearing on the limited review of this record permitted, the judgment of the trial court must be deemed correct, and it is

AFFIRMED.