LeBron Electrical Works, Inc., appellee, v. Charles M. Pizinger, appellant.

270 N. W. 683

Filed February 11, 1937. No. 29855.

*James E. Bednar*, for appellant.

*Gerald M. Vasak*, contra.

Heard before Goss, C. J., Day, Paine and Carter, JJ., and Tewell and Yeager, District Judges.

Day, J.

In a replevin action to try the right of possession to certain machinery, the trial court at the conclusion of all the evidence sustained the plaintiff's motion for a directed verdict, found the right of possession to be in the plaintiff, valued the property at $602.45, and fixed the damages for the wrongful detention at one cent. Thereafter, the defendant filed at the same time both a motion for new trial and a motion for a judgment notwithstanding the verdict.

The trial court overruled the motion for a new trial first and a few days later overruled the other motion. It is asserted that the priority should have been reversed upon the authority of *Kafka v. Union Stock Yards Co.*, 87 Neb. 331, 127 N. W. 129. The cited case holds that a motion for judgment on special findings notwithstanding the general verdict and one for a new trial may be filed at the same time, but that the decision on the former does not waive the latter. The *Kafka* case is not analogous to the case at bar and is not decisive of the question presented.

On the other hand, *Hamaker v. Patrick*, 122 Neb. 688, 241 N. W. 537, is not decisive of this point. True, there is some language quoted from authorities as argument for deciding another question. In the case at bar, the trial court overruled both motions. Under such a situation there could be no prejudice to the defendant arising from the priority between orders. It does not present a debatable issue for our determination. The rule of reason requires that, where a motion for a new trial and a motion for judgment notwithstanding the verdict are both overruled, error cannot be predicated upon the sequence of the orders.

Did the trial court err in overruling the motion of the defendant for a judgment notwithstanding the verdict? This jurisdiction is committed to the rule that a judgment notwithstanding the verdict can be rendered only upon the pleadings without a consideration of the evidence. *Bielfeldt v. Grand Island Transit Co.*, 123 Neb. 368, 243 N. W. 76; *Hamaker v. Patrick, supra;* Comp. St. 1929, sec. 20-1315.

The pleadings did not require a judgment notwithstanding the verdict at the time the appellant filed his motion. The plaintiff filed a petition for replevin, the defendant an answer and counterclaim. There was no reply or answer to the counterclaim. Assuming, but not deciding, that a counterclaim for damages for breach of warranty and misrepresentation is a proper pleading in a replevin action, this case was tried twice to a jury upon the theory that the allegations were denied. Where the allegations in an answer

and counterclaim are tried and submitted as though denied by a proper pleading, it is too late after judgment to assert that said averments are admitted by the pleadings. *In re Estate of Cheney,* 78 Neb. 274, 110 N. W. 731; *Moore v. Moore,* 104 Neb. 122, 175 N. W. 665.

This effectually disposes of the assignments of error. It does not appear that there is any substantial reason requiring a reversal of the judgment.

AFFIRMED.