HENRY MANNING ET AL. V. CITY OF ORLEANS.

FILED NOVEMBER 9, 1894. No. 5785.

1. **Judgment Non Obstante Veredicto.** Section 440 of the Code of Civil Procedure provides a remedy substantially like the motion for judgment *non obstante veredicto* of the common law. Such a judgment can only be rendered when the pleadings of the party in whose favor the verdict was rendered confess facts entitling the other party to judgment.

2. ——: MOTION FOR NEW TRIAL. In a case in which a party is entitled to a jury trial, and where the pleadings do not confess the right to a judgment, the court cannot disregard the verdict and enter such judgment as the evidence warrants. If the verdict is not sustained by the evidence, the remedy is by motion for a new trial on that ground.

3. ——: ——. Where the verdict is general and is unassailed by a motion for a new trial, judgment must, except in the cases stated in the first paragraph of this syllabus, be entered in conformity with the verdict.

ERROR from the district court of Harlan county. Tried below before GASLIN, J.

The facts are stated by the commissioner.

*Walter J. Lamb, L. H. Kent,* and *C. C. Flansburg,* for plaintiffs in error:

If the verdict is wrong, the remedy was by motion for

a new trial. No application for a new trial having been made, the judgment should be rendered upon the verdict. (1 Black, Judgments, secs. 142, 161, 186; *Oades v. Oad^s*, 6 Neb., 304; *Bowers v. Rice*, 19 Neb., 576; *Nordyke v. Dickson*, 76 Ind., 188; *Reid v. Dunklin*, 5 Ala., 205; *Stevens v. Lee*, 70 Tex., 282.)

*W. S. Morlan* and *Case & McNeny*, *contra*.

IRVINE, C.

The city of Orleans sued the plaintiffs in error, alleging that the plaintiffs in error were, in 1885, the owners of certain property in the then village of Orleans; that they negligently made an excavation in the street adjoining their property and left the same without guards or protection for travelers; that one George S. Perry fell into said excavation and was injured, brought action against the defendant in error, recovered judgment, which was paid; that the defendant in error had informed plaintiffs in error of the pendency of such action, and that they had undertaken and conducted the defense thereof. The prayer was for a judgment indemnifying the city. The answer admitted the incorporation of the city and the ownership of the property as charged in the petition, and denied every other allegation. There was a trial to a jury, which found a verdict in favor of the city for $1,325. The city then moved the court "to enter up judgment notwithstanding the verdict, against the defendants, on the evidence, for the sum of $4,206.97, *non obstante veredicto*." This motion the court sustained and entered judgment in the sum requested. The plaintiffs in error then filed ·a motion for a new trial, assigning numerous errors. This motion was overruled. The plaintiffs in error, on argument, abandon all assignments of error except those relating to the action of the court in sustaining the motion for judgment *non obstante veredicto*. The motion seems to have been made

and sustained upon the theory that the verdict, or the undisputed evidence, settled the city's right to recover, and that the evidence, without contradiction, showed the amount recoverable to be the sum for which judgment was rendered, and not the amount of the verdict. There is no bill of exceptions, and we have no means of determining whether or not this view of the evidence was correct. The question presented is whether the court, assuming such a state of the evidence, had authority to disregard the verdict and enter up judgment for the amount shown by the evidence.

At common law, judgment *non obstante veredicto* was entered where a plea was good in form though not in fact, as where it confessed the cause of action but did not sufficiently avoid it. In other words, where by defendant's own showing by plea the plaintiff was entitled to judgment. In such case, notwithstanding a verdict for defendant upon the immaterial issue joined, judgment would go for the plaintiff on the record. (1 Chitty, Pleading, 656; *Oades v. Oades*, 6 Neb., 304.) Our Code does not provide a remedy in such cases by the common law name, but the substance of the procedure is preserved by section 440, which provides: "Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." Neither this section nor the common law procedure is applicable to this record. There was an answer amounting to a general denial, and, therefore, upon the pleadings the plaintiff was not entitled to judgment. It would require a verdict or finding in favor of the plaintiffs upon the issues so made in order to authorize judgment. On the other hand, section 438 applied. This section is as follows: "When a trial by jury has been had judgment must be rendered by the clerk in conformity to the verdict, unless it is special, or the court order the case to be reserved

for future argument or consideration." This was an action for the recovery of money in which a trial by jury is guarantied both by the constitution and by the statutes, and where it is the province of the jury to assess the amount of recovery. (Code, sec. 295; *Bowers v. Rice*, 19 Neb., 576; *Lamb v. Briggs*, 22 Neb., 138.) By the course taken the city was allowed to take advantage of the verdict in so far as the issues were by it determined in its favor but to disregard it as to the amount of recovery. The court undertook to do just what in the case last cited was held unauthorized, to ascertain the amount proper to be recovered and enter a judgment without a verdict to support it. In sustaining the motion for judgment the court undoubtedly erred. The city did not by motion for a new trial attack the verdict. It remains, therefore, unmodified and unassailed, and judgment should be entered in conformity thereto. The judgment entered is reversed and the cause remanded with instructions to enter judgment upon the verdict rendered by the jury.

REVERSED AND REMANDED.