## MARIE BARGE V. GEORGE HASLAM.

FILED JULY 22, 1902.   No. 10,750.

Commissioner's opinion, Department No. 2.

1. **Trial:** CASE RESERVED. Under sections 438 and 439, Code of Civil Procedure, the trial court after verdict may order the case reserved for argument or consideration of some point of law, and on consideration thereof render such judgment as ought to be had in view of its decision upon said point.

2. **Case Reserved:** MUST BE ON SPECIFIC POINT. This power exists only with reference to specific points of law arising upon the pleadings or the evidence. A case can not be reserved after verdict upon the general question whether, under the evidence, the plaintiff is entitled to recover.

3. **Directing Verdict:** MOTION FOR NEW TRIAL. If the trial court is of opinion that, in view of plaintiff's evidence, it erred in submitting the case to the jury and should have directed a verdict for the defendant, the proper course is to grant a new trial.

4. **Case Reserved:** POINT MUST BE STATED. Where a case is reserved after verdict for further consideration, the point or points of law upon which it is reserved must be stated specifically in the record.

ERROR from the district court for Dodge county. Tried below before MARSHALL, J. Rehearing of case reported in 63 Nebr., 296. *Judgment of reversal adhered to.*

*Thomas M. Franse, O. C. Anderson* and *Anderson & Keefe,* for plaintiff in error.

*Clark C. McNish, J. E. Frick* and *Andrew R. Oleson, contra.*

POUND, C.

At the former hearing it was held that the allegations of the petition and reply, while lacking in definiteness and precision upon essential points, were sufficient to sustain a judgment after and in view of the verdict and special findings of the jury. We are agreed that this conclusion is correct, and that the opinion then rendered should be

adhered to.   Another question has been raised, however, which was not considered at the former hearing, namely, the construction to be given to sections 438 and 439, Code of Civil Procedure.   After verdict, counsel for the defendant moved the court to reserve the case for further argument and consideration, under said section 438, upon seven grounds, amounting, in substance, however, to two: That defendant was entitled to judgment upon the pleadings and that plaintiff's evidence was not sufficient to warrant a recovery.   The court entered an order reserving the case accordingly, and afterwards rendered judgment *non obstante veredicto* on the expressed ground that defendant should have judgment on the pleadings.   It is now urged that the reason set forth in the court's ruling is not controlling, and that, as the trial court had power after reserving the case under section 438, to order what judgment should be entered under section 439, it must be presumed that the evidence was insufficient, and that judgment was directed for that reason.

The sections in question do not appear to have been construed by this court.   But we are of opinion that the object and purpose was to adapt to our procedure the common-law practice of taking verdicts subject to the opinion of the court upon some point of law expressly reserved for future consideration.   It is settled that the purpose of section 440 was to take over and adapt the common-law practice as to rendering judgment *non obstante veredicto*. *Manning v. City of Orleans,* 42 Nebr., 712; *Johnston v. Spencer,* 51 Nebr., 198.   If we construe the prior sections as indicated, it will follow that our trial courts possess all the powers of a common-law court with reference to adapting the verdict and judgment to the circumstances of particular cases, and preserving a record of the findings of the jury on special matters of fact and of the court on special questions of law.   If after verdict it appears that the pleadings demand a different judgment than that which would ordinarily follow, the court may render such judgment as the pleadings require, under section 440.   If
    49

it is necessary or expedient to preserve a record of the findings of the jury upon particular questions of fact, the court may require a special verdict or propound specific questions under section 293, and thereafter render such judgment, notwithstanding a general verdict, as the special verdict or special findings may require, under sections 294 and 439. In case questions of law arise upon the trial, which are too difficult or intricate for immediate solution, or upon which for some other reason the deliberate decision of the trial court is desired to be made of record, the court may take a verdict and reserve the case upon such particular point of law under section 438, and afterwards render the judgment required by its decision thereof under section 439, just as at common law it might take a verdict subject to its opinion upon some point of law specially reserved.

If such is the proper construction of the Code, we must look to the common-law practice to ascertain the scope and limitations of the proceeding provided for. It is well established at common law that the power of reserving questions of law and taking verdicts subject thereto exists only with reference to specific points of law arising upon the pleadings or the evidence, and that a case can not be reserved upon the general question whether, under the evidence, the plaintiff is entitled to recover. *Butts v. Armor,* 164 Pa. St., 73, 30 Atl. Rep., 357; *Yerkes v. Richards,* 170 Pa. St., 346, 32 Atl. Rep., 1089; *Clark v. Wilder,* 25 Pa. St., 314. In *Clark v. Wilder,* Black, J., said: "When we look at the record, we find no point reserved. The verdict was given subject to the opinion of the court on the whole case, whether the plaintiffs were entitled to recover. It is impossible for the human imagination to conceive of anything more unlike a point." If the trial court is of opinion that in view of plaintiff's evidence it erred in submitting the case to the jury, and should have directed a verdict for the defendant, the proper course is to grant a new trial. *North American Oil Co. v. Forsyth,* 48 Pa. St., 291. In the case last cited, it was held error

to submit an issue to the jury, and after they have found thereon to enter judgment to the contrary on the ground that the evidence was insufficient.   The court said: "It may be, as stated by the learned judge in his opinion upon the reserved points, that there was nothing in the evidence from which readiness to pay on delivery could properly be inferred, but under his instruction this was a fact submitted, and, if improperly found, the remedy was a new trial."   It is also held that the point or points upon which a case is reserved must be stated specifically in the record. *Hann v. Field,* Litt. Sel. Cas. [Ky.], 376; *Evans v. Bell,* 6 Dana [Ky.], 479; *Inquirer Printing & Publishing Co. v. Rice,* 106 Pa. St., 623; *Smith v. Delaware Ins. Co.,** 7 Cranch [U. S.], 434.   In *Hann v. Field,* the court said: "Many evil consequences might follow the omission of the entry on the record; but none could result from making the entry.   To indulge a reserved point of this kind in memory only, might frequently leave the rights of the parties to much hazard, and in danger of being forgotten, or incorrectly remembered; so that judgment, at least, might be rendered wrongfully, even with the best intentions existing on the part of the court."   We have only to recall that judges may die or go out of office pending determination of a point reserved, to perceive the force of this suggestion.   It may be said that where the motion on which the court acts in reserving the case contains, among other things, a specific point which would have been proper to reserve, it will be presumed that the case was reserved thereon and that the judgment directly followed its determination thereof.   In *Evans v. Bell, supra,* where a similar argument was made, the court said: "We can not go so far in presuming in favor of the judgment. A verdict was found for the plaintiff; it was the duty of the court to render a judgment thereon for the plaintiff, unless some good ground existed to prevent it.   The record states that points of law were brought up in the argument of the case, and upon these points of law, without stating

* 3 L. Ed., 396.

what they were, judgment was rendered for the defendant. As the record is intended to preserve a history of the case, those points of law should have been stated. Enough should, at least, be shown to support the judgment, especially when the judgment is rendered against the party for whom the verdict is found." We think the foregoing rules apply equally to the reserving of a case under sections 438 and 439 of the Code; that while under section 438, a trial court after verdict may order the case reserved for argument or consideration of some point of law, and on consideration thereof render such judgment as ought to be rendered in view of its decision upon said point, this power exists only with reference to specific points of law arising upon the pleadings and the evidence; and that a case can not be reserved after verdict upon the general question whether, under the evidence, the plaintiff is entitled to recover, but if the trial court becomes convinced that it erred in submitting a case to the jury, and should have directed a verdict for the defendant, the proper course is to grant a new trial. We think also that where a case is reserved after verdict for further consideration, the point or points of law upon which it is reserved must be stated specifically in the record.

In the case at bar there is nothing to show upon what point of law the case was reserved and the judgment rendered. If upon the question of the sufficiency of the pleadings, that was not necessary, because a judgment *non obstante veredicto* could have been rendered under section 440. Moreover, we concur in the holding at the former hearing that the pleadings are sufficient as against attack after the verdict and special findings. If upon the sufficiency of plaintiff's evidence, we have seen that such general question was not one on which a case may be reserved, but that an order for a new trial was the proper practice. If upon the fourth ground stated in defendant's motion, namely, that "plaintiff has neither offered nor introduced any evidence overcoming or answering the defense of the statute of frauds pleaded by the defendant in

his answer," the difficulty is that there is nothing in the record to show that the case was reserved or the judgment rendered on that point, but so far as the record shows anything, it indicates that judgment was directed *non obstante veredicto* upon a supposed deficiency in the pleadings. We can not carry the presumption in favor of judgments of the district court so far as—after disregarding its expressed reason for a ruling—to dispense with the requirement of proper entries to sustain it upon some other ground.

It is recommended that the former judgment be adhered to in all things.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is adhered to.

REVERSED AND REMANDED.