FRED C. COULTON, APPELLANT, V. LYDIA E. POPE, APPELLEE.

FILED DECEMBER 21, 1906. No. 14,568.

Wills: APPEAL: RETAXING COSTS. The power of the court to act under the provisions of section 14, ch. 20, Comp. St. 1903, relating to appeals in probate matters, may be invoked by motion to correct the judgment, made at the same term.

APPEAL from the district court for Merrick county: CONRAD HOLLENBECK, JUDGE. Affirmed.

W. T. Thompson and John C. Martin, for appellant.

J. J. Sullivan, F. Dolezal and Patterson & Patterson, contra.

JACKSON, C.

The appellee, as proponent, had judgment in the district court in an action appealed from the county court admitting to probate the will of J. H. Pope, deceased. By the terms of the judgment, as it was first entered, the costs were taxed to the estate. At the same term the court, on motion of the proponent, retaxed the costs and taxed all of the costs of the appeal, including an attorney's fee of $100, to the contestant. This action was taken under the provisions of section 44, ch. 20, Comp. St. 1903, relating to appeals in probate matters, where it is provided: "If it shall appear to the court that such appeal was taken vexatiously or for delay, the court shall adjudge that the appellant shall pay the costs thereof, including an attorney's fee, to the adverse party, the court to fix the amount thereof." The contestant appeals.

The evidence taken in support of the motion has not been preserved in a bill of exceptions, and the question presented is one of practice. The appellant contends that the original journal entry shows an adjudication of the question of costs, and that, being an adjudication thereof,

it could only be attacked by a motion for a new trial within three days after the rendition of the judgment, and could not be reached by a motion to retax costs, which is a proceeding to reach mere clerical errors in the entry of costs by the clerk of the court. This contention cannot be sustained. Courts of general jurisdiction have authority to change, correct, revise and vacate their own judgments at any time during the term at which they were rendered and before rights have become vested thereunder. *Harris v. State,* 24 Neb. 803; *Bradley v. Slater,* 55 Neb. 334. No motion for a new trial was necessary to procure an adjudication of the rights of the proponent to have the costs taxed to the contestant. That question was properly presented by motion at the same term at which the judgment was rendered and the judgment is amply supported by the record. It is complained that no notice of the motion was given to the appellant. That, however, was without prejudice, as the appellant appeared by his counsel and resisted the motion.

We find no error in the record, and recommend that the judgment of the district court be affirmed.

ALBERT, C., concurs.

DUFFIE, C., took no part in the decision.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.