GEORGE F. VANDERVEER, APPELLEE, v. FRANK MORAN, APPELLANT.

FILED JUNE 22, 1907.   No. 14,841.

1. Pleading. The plaintiff cannot, by a motion to make specific, be required to disclose in his petition facts which are properly matters of defense.

2. Negligence: STATUTORY DUTY. The failure to perform a statutory duty imposed for the protection of the public is negligence; and, in the absence of contributory negligence, a recovery may be had for the injury thereby occasioned.

3. Evidence examined, and found sufficient to support verdict.

4. Instructions must be taken together and their true meaning determined by considering all that is stated on each particular branch of the case.

5. Parent and Child: INJURY: LOSS OF SERVICES: EVIDENCE. Where a father sues for a loss of services of a minor child resulting from an injury caused by the negligence of the defendant, and proves the fair value of such services, it is not necessary for him to go further and prove how or where or in what manner the child would probably have been employed.

APPEAL from the district court for Greeley county: JAMES R. HANNA, JUDGE. *Affirmed.*

*T. P. Lanigan, J. R. Swain* and *T. J. Doyle,* for appellant.

*T. T. Bell, contra.*

CALKINS, C.

This was an action to recover damages for injuries suffered by the plaintiff's minor son by riding into a barbed-wire fence which the defendant had constructed across a traveled way upon his own land, without first putting up sufficient guards to prevent such accidents. There was a trial to a jury, and a verdict and judgment for the plaintiff, from which the defendant appeals.

1. The defendant moved to require the plaintiff to set out in his petition "whether or not there was a new road and plainly traveled track at the place where the road had been changed to after the fence was built." The overruling of this motion is assigned as error. This was a matter of defense, and the ruling of the district court was clearly right.

2. At the beginning of the trial the defendant objected to the introduction of any testimony in the case on the ground that the plaintiff's petition did not state a cause of action. The petition alleges, in substance, that the defendant was the owner of certain land upon which there was a plain traveled wagon road that was used by the public generally, and that on about the 1st day of November he erected a barbed-wire fence across said road, thereby obstructing the road and preventing travel along it, and wrongfully, carelessly and negligently failed to

put any guard to prevent persons passing along said road from running into said wire fence where the same crossed said way, and that the plaintiff's minor son, while passing along said road, without any fault or negligence on his part, ran into said wire fence and was injured. Section 1, ch. 77, laws 1885, provides: "From and after the passage of this act it shall be unlawful for any person to build a barbed-wire fence across or in any plain traveled road or track in common use either public or private in this state, without first putting up sufficient guards to prevent either man or beast from running into said fence." And section 2 of the same act provides: "Any person violating the provisions of the foregoing section shall be guilty of a misdemeanor and fined not less than five ($5) nor more than twenty-five ($25) dollars, and shall be liable for all damages that may accrue to the party damaged by reason of said barbed-wire fence." (Ann. St., secs. 6104, 6105.) The failure to perform a statutory duty specifically imposed for the protection of the public is negligence, and, in the absence of contributory negligence, a recovery may be had for the injury thereby occasioned. *Platte & Denver C. & M. Co. v. Dowell*, 17 Colo. 376; *Giles v. Diamond State Iron Co.*, 7 Houst. (Del.) 453. We think the allegation of a breach of the statutory duty is a sufficient charge of negligence, and that the petition stated a cause of action.

3. At the close of the plaintiff's testimony the defendant asked the court to direct a verdict in his favor, and its refusal to do so is assigned as error. We have carefully read the testimony in the case, and are satisfied that there is testimony which would warrant the jury in finding against the defendant, and that this request was properly denied.

4. The remaining assignments of error are directed to certain paragraphs of the instructions of the court. In instruction No. 5 the provisions of the above quoted sections were given to the jury as being the law of this state,

while in instruction No. 15 the jury were told that if the defendant constructed such a fence across such a road the law required that the defendant should put up such guard and maintain it for such time as should be reasonably necessary, under the facts and circumstances as they are disclosed in this case, to prevent such injuries. The defendant objected to instruction No. 5 on the ground that it did not contain a statement of the duties imposed by law upon the injured person, and to instruction No. 15 on the same ground, and upon the further ground that it was a repetition and gave undue prominence to the matters contained in instruction No. 5. In at least five other paragraphs of the instructions of the court contributory negligence was properly defined, and the jury were plainly told that, if the plaintiff's son was guilty of a want of ordinary care on his part, the plaintiff could not recover. Instructions must be considered together. *Philamalee v. State,* 58 Neb. 320. Their true meaning and effect must be determined by considering all that is stated on each particular subject or branch of the case. *St. Louis v. State,* 8 Neb. 405. The same reasoning applies to the defendant's objections to instruction No. 7, of which it is complained that it fails to tell the jury that, if the act of the defendant was not the proximate cause of the injury, he would not be liable. If this instruction was deficient in that respect, it was amply cured by instruction No. 3 given at the request of the defendant, in which the jury were plainly told that, if the evidence did not show that the fence was the immediate and proximate cause of the accident, but that some other cause over which the defendant had no control was responsible, they must in such case find for the defendant. The same reasoning applies to the exception to instruction No. 21 given by the court at the request of the plaintiff, in which the jury were told that, although it should find that the dogs caused the horse carrying the plaintiff's son to leave the traveled track and run into the fence outside the traveled road or track, still, if by the negligence of defendant no

guards were erected sufficient to prevent man or beast from running into the barbed-wire fence across the track, and the boy was injured without negligence on his part by the wires within and across the track, the plaintiff would be entitled to recover. It is urged that the question whether the defendant's failure to erect and maintain a suitable guard was the proximate cause of the injury was omitted from this instruction. What we have said above with reference to instruction No. 7 is applicable to this instruction.

5. The only remaining errors urged are the exceptions of the defendant to the instructions concerning the measure of damages in which he claims that the jury should have been told that it was incumbent upon the plaintiff to show, not only the reasonable value of the services of the son, but to prove that he could have earned the same. There is no merit in this contention. When the fair value of services has been shown, it is not necessary to prove that he had contracted for or could have actually secured employment.

There is no error in the record, and we recommend that the judgment of the court below be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.