KENESAW MILL & ELEVATOR COMPANY, APPELLANT, V. GEORGE AUFDENKAMP, APPELLEE.

FILED JUNE 6, 1921. No. 21521.

1. Statute of Frauds: SALES: PART PERFORMANCE. Where 998 bushels of wheat were stored in an elevator under an agreement that it should be sold to the owner of the elevator at a price and date to be fixed in future by the owner of the wheat, and a parol contract was afterwards made by the owner with the company owning the elevator whereby he sold to it 5,000 bushels of wheat of which the 998 bushels already delivered formed a part, the acceptance of the delivered wheat by the buyer and the surrender and relinquishment by the seller of all direction and control over it constitute such an acceptance of part of the goods sold as to satisfy the provisions of the statute of frauds.

2. Judgment: DISREGARD OF VERDICT. "In a case in which a party is entitled to a jury trial, and where the pleadings do not confess the right to a judgment, the court cannot disregard the verdict and enter such judgment as the evidence warrants. If the verdict is not sustained by the evidence, the remedy is by motion for a new trial on that ground." *Manning v. City of Orleans*, 42 Neb. 712.

APPEAL from the district court for Adams county: WILLIAM A. DILWORTH, JUDGE. *Reversed.*

*J. E. Willits,* for appellant.

*Tibbets, Morey & Fuller,* contra.

LETTON, J.

This is an action for breach of a contract to deliver wheat. In substance, the petition alleges that the defendant, a farmer living near Kenesaw, on or about October 2, 1916, delivered to the plaintiff, between that time and March 5, 1917, 998 bushels of wheat for storage in its elevator, with an agreement that he was to sell it to the plaintiff, the price to be determined at such time as defendant called for a settlement, and by the market value on the date of settlement; that on March 5 the defendant sold to the plaintiff 5,000 bushels of wheat at $1.80 a

bushel, which included the 998 bushels already delivered under the former agreement, on which the defendant had already received $1,232.25 advance payment; that subsequently at different times a further payment of $500 was made; that defendant failed to deliver the remainder of 4,002 bushels of wheat, and on June 15, 1917, expressly refused to deliver the same when plaintiff demanded delivery; that the reasonable market value of wheat at the time and place of delivery was $2.82 a bushel. Plaintiff prays judgment for the difference between the $1.80, which was the contract price, and $2.82, the market price, with interest.

The answer, among other things, admits the agreement as to the storage of the 998 bushels of wheat, and sale of the same at $1.80 on March 5, 1917. It alleges that on that date the defendant verbally agreed to sell 5,000 bushels more at the same price, in addition to the 998 bushels; that this agreement was not in writing, that no payment had been made thereon, and no portion delivered, and that the contract was therefore void under the statute of frauds. The reply is virtually a general denial. The jury found for plaintiff, and assessed its recovery at $550, with interest from June 15, 1917, to date. Afterwards plaintiff filed a motion for a correct computation of the full amount shown to be due plaintiff upon the general finding contained in the verdict. This motion was overruled. A motion for a new trial was also filed by plaintiff and overruled. Plaintiff appealed and now assigns as error that the court erred in overruling these motions.

At the beginning of the trial the defendant objected to the introduction of any evidence for the reason that the petition did not state facts sufficient to constitute a cause of action. This objection was overruled, but defendant raises the point in this court that a parol agreement that the 998 bushels already in the elevator should be part of the 5,000 bushels could not take the contract out of the statute of frauds, since mere words could not

constitute a delivery, nor were the payments made at the time of the contract.

The sale and acceptance on March 5, 1917, of the 998 bushels already in the elevator is alleged in the petition. This is sufficient to satisfy the statute of frauds, since, when property of this character is already in the purchaser's possession, the only further act necessary to complete the delivery is acceptance. *Gray v. Peterson,* 64 Neb. 671; *Calkins v. Lockwood,* 17 Conn. 154. The petition therefore is not vulnerable to a demurrer *ore tenus.*

There was a direct conflict in the evidence with respect to the conversation which occurred on March 5. Plaintiff's agent testifies that the 998 bushels previously delivered formed part of the 5,000 bushels contracted for on that date, while defendant with equal positiveness testifies that the 5,000 bushels he then offered to sell was in addition to, and did not include, the wheat already delivered. This is the pivotal question in the case and is a question of fact which the jury settled against the defendant by the verdict. It must be taken as established that the sale of the 5,000 bushels was made as alleged by plaintiff.

The remaining question is whether the trial court should have sustained plaintiff's motion, computed the amount claimed to be due under the contract, and rendered judgment for the same. The statute (Rev. St. 1913, sec. 8006) provides that, when trial by jury has been had, judgment must be rendered by the clerk in conformity with the verdict, unless it is special, or the court order the case to be reserved for future argument or consideration. The verdict was rendered January 29, 1918. The court made no order that the case be reserved for future consideration, but no judgment was entered and no further action taken by the court until February 13, 1918, when the motion to correct the computation and the motion for new trial were overruled, and judgment was entered by the court in conformity with the verdict.

A judgment notwithstanding the verdict may be ren-

dered only where the pleadings show that the moving party is entitled thereto. Rev. St. 1913, sec. 8008. Section 7858 provides that the jury shall assess the amount of the recovery, and section 7862 that, if a verdict be defective in form only, the same may, with the assent of the jury before they are discharged, be corrected by the court. These provisions control. "In a case in which a party is entitled to a jury trial, and where the pleadings do not confess the right to a judgment, the court cannot disregard the verdict and enter such judgment as the evidence warrants. If the verdict is not sustained by the evidence, the remedy is by motion for a new trial on that ground." *Manning v. City of Orleans,* 42 Neb. 712. See also, *Wiruth v. Lashmett,* 85 Neb. 286; *Rueber v. Negles,* 147 Ia. 734; *McKeon v. Central Stamping Co.,* 264 Fed. 385; 38 Cyc. 1899, note. The case of *Spence v. Damrow,* 32 Neb. 112, cited by plaintiff, is an equity case tried *de novo* in this court, and is inapplicable here, as are the other cases from this court relied upon in support of the motion. While finding for plaintiff on the main issue, the jury disregarded the express instruction of the court with reference to the measure of damages and returned a verdict for much less than the evidence warranted or required. This was a prejudicial error. Plaintiff is therefore entitled to a new trial.

REVERSED.