FIRST NATIONAL BANK OF ALLIANCE, APPELLEE, V. PRUDE BROYLES: WILL HOLLSTEIN, APPELLANT.

FILED JANUARY 29, 1932. No. 28102.

E. D. Crites and F. A. Crites, for appellant.

R. O. Reddish, contra.

Heard before GOSS, C. J., EBERLY and PAINE, JJ., and BEGLEY and ELDRED, District Judges.

PAINE, J.

This is an action in conversion. On August 18, 1930, plaintiff, First National Bank of Alliance, filed its petition in the district court for Sheridan county against one Prude Broyles and Will Hollstein for the conversion of 77 head of hogs of the then market value of $1,354.90. The petition sets out a chattel mortgage, in the principal sum of $1,898.21, executed by defendant Broyles to said plaintiff, and dated April 27, 1929. Said mortgage was not filed with the county clerk of Dawes county until June 22, 1929.

Conversion is alleged to have taken place at the town of Hay Springs, Sheridan county, on September 20, 1929; the mortgage, by its terms, matured September 1, 1929, and covered 270 head of animals, and small grain. The following payments were admitted: June 20, 1929, $276.-89; October 2, 1929, $300; November 30, 1929, $436.65; February 21, 1930, $125; total, $1,138.54; and the petition claims damages resulting from said alleged conversion in the sum of $831.75.

The appellant, Will Hollstein, alone answered. He admitted the purchase of 77 hogs from Broyles at Hay Springs, and the payment of their full value of $1,354.90;

denied that he had any knowledge of the existence of a chattel mortgage on the hogs; alleged that Broyles paid appellee $600 of the proceeds of said sale upon October 2, 1929, and that at that time appellee knew of the sale and ratified and confirmed the same. The jury rendered a verdict February 12, 1931, against Broyles for the full amount, as he had made no defense, but found for the appellant, Hollstein, no cause of action.

Without ruling upon the motion for a new trial filed by the appellee, the court, upon its own motion, at the same term of court, upon May 28, 1931, set aside the verdict of the jury, and entered a judgment against appellant, Hollstein, for $831.75, who thereupon filed a motion for a new trial, and the court then decided that appellee should file a remittitur of $225.75, which was done. The appellant's motion for a new trial was thereupon overruled, and a judgment entered against him for $607.

The appellee was paid $600 of the proceeds from the sale of the hogs, but applied a portion thereof upon another note than the one secured by the hogs, and the court rightly decided that the appellant was entitled to have the entire amount credited on the note of $1,898.21, which left a balance due thereon of $607, so the court required the remittitur to be filed.

The principal contention is that the trial court erred in setting aside the verdict for appellant, and upon its own motion entering a judgment, notwithstanding the verdict.

District courts have ample power, even upon the court's own motion, if satisfied that an error has been made, to set aside a verdict of a jury in favor of one party and enter a judgment in favor of another party, during the same term of court when the pleadings and the evidence will sustain no other judgment. Such absolute control may be exercised, within the sphere of sound discretion, as an inherent right, independent of every statute, derived from the common law. *Netusil v. Novak*, 120 Neb. 751; *Colby v. Maw*, 1 Neb. (Unof.) 478. This has also been done where the motion for a new trial had not been filed

in time, and the court acted, as it had a right to do, upon its own motion. *Young v. Estate of Young,* 103 Neb. 418; *Bradley v. Slater,* 58 Neb. 554; *Kirshenbaum v. Massachusetts Bonding & Ins. Co.,* 107 Neb. 494.

The appellant made no effort to ascertain whether the hogs were mortgaged, he did not even inquire of the seller, or inspect the records. The testimony of Frank Abegg, president of appellant bank, is clear and positive, and, with the other evidence, establishes the fact that the sale was made without the knowledge or consent of appellee. We find no error in the record, and the judgment of the trial court is

AFFIRMED.