ELISE BIELFELDT, APPELLEE, V. GRAND ISLAND TRANSIT COMPANY, APPELLANT.

FILED JUNE 10, 1932. No. 28267.

*Story & Thomas* and *Prince & Prince*, for appellant.

*Mayer, Kroger & Mayer, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY, JJ., and DICKSON and TEWELL, District Judges.

DAY, J.

Plaintiff brings this action to recover damages from a fall while leaving a bus of defendant. The trial resulted in a verdict for plaintiff. The defendant filed a motion for judgment notwithstanding the verdict, which was overruled. From this order defendant appeals.

The sole error relied upon for reversal is that there is no evidence in the record supporting a finding of negligence.

"Where, upon statements in the pleading, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." Comp. St. 1929, sec. 20-1315. "In a case in which a party is entitled to a jury trial, and where the pleadings do not confess the right to a judgment, the court cannot disregard the verdict and enter

such judgment as the evidence warrants. If the verdict is not sustained by the evidence, the remedy is by motion for a new trial on that ground." *Manning v. City of Orleans,* 42 Neb. 712; *Kenesaw Mill & Elevator Co. v. Aufdenkamp,* 106 Neb. 246. See, also, *Slocum v. New York Life Ins. Co.,* 228 U. S. 364. It is therefore apparent that the error relied upon by the appellant in its brief cannot be considered by this court.

The cases cited by appellant, *Netusil v. Novak,* 120 Neb. 751, and *First Nat. Bank v. Broyles,* 122 Neb. 414, do not support its position. These cases hold in substance that a trial court during the same term may correct its own errors.

AFFIRMED.