JUANITA HAMAKER, APPELLANT, V. ABRAHAM L. PATRICK, APPELLEE.

FILED OCTOBER 7, 1932. No. 27986.

*Herman Aye* and *L. J. Te Poel*, for appellant.

*William Baird & Sons* and *L. C. Hupp, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This is an action at law, brought in the district court for Douglas county by Juanita Hamaker against Abraham L. Patrick. Plaintiff sets forth in her petition two counts to recover for loss occasioned by the occupation and use of lands of plaintiff held by the defendant for three years. The first count sets forth an oral contract by defendant to

pay the plaintiff the sum of $1,275 a year for said occupancy, and the second count sought a recovery of the same use and occupancy, to be determined and fixed by the reasonable value of the use of these lands for the same period of time covered by the first count. The obvious intention of the pleader was to meet the conditions which the evidence as finally introduced on the trial might establish, and is permitted by the Code.

To this petition the amended and substituted answer of the defendant was filed, and the plaintiff filed a reply.

A trial was had to a jury, both parties introducing evidence to sustain the allegations of their respective pleadings.

At the close of all the evidence, a motion was orally made by the defendant for an instructed verdict in his behalf. This motion the trial court then overruled, and submitted the case to the jury on the pleadings, the evidence, and the instructions of the court. This jury, on January 8, 1931, it being one of the days of the October, 1930, term of that court, returned a verdict for plaintiff as prayed in the first count of plaintiff's petition, and judgment was entered thereon. On January 9, 1931, defendant filed his motion for a new trial.

On the 28th day of February, 1931, in the February, 1931, term of the district court for Douglas county, the motion for new trial was sustained by the court, and the verdict of the jury and judgment rendered thereon set aside. In addition thereto, at this time the district court further adjudged "that the order of the court overruling the motion of the defendant for a directed verdict or a dismissal of the action made at the time of the closing of the evidence in the trial of this case, be and is hereby vacated and set aside, and said motion be and is hereby sustained, and the above entitled action be and is hereby dismissed," etc. From this order, without filing a motion for a new trial, plaintiff prosecutes error by availing herself of her statutory appeal.

At the former hearing of this cause at the bar of this

court both parties united in presenting the questions involved as necessitating for their proper determination a reference to the evidence contained in the bill of exceptions, which had been duly allowed and constituted a part of the record then before us. But the "aggrieved party" in the district court had filed no motion for a new trial. On the basis of submission thus made the judgment of the district court was affirmed. *Hamaker v. Patrick,* 122 Neb. 688. However, thereafter plaintiff's motion for a rehearing was allowed.

Now, for the first time, is presented by the appellant a question of the power (in a sense, jurisdiction over the subject-matter) of the trial court, after having sustained a motion for a new trial at a term subsequent to that at which the jury's verdict was returned and judgment entered thereon, to then enter the final judgment in favor of the appellee appealed from. This question involves no examination of the evidence adduced in the trial court.

Appellee challenges the right of the appellant to at this time raise this question, basing his objections upon the rule that "A party cannot, by filing a brief after the submission of the cause, bring to the notice of the court points not suggested either in the original briefs or on oral argument." He cites in support thereof *State v. Omaha Nat. Bank,* 59 Neb. 483, and *Batty v. City of Hastings,* 69 Neb. 511. The essential difference between the facts of the record in the instant case and the facts in the cases cited, and to which the rule quoted is applicable, are such as render the authorities on which the appellee relies not in point. In the instant case the motion for rehearing has been heretofore sustained by this court, the judgment of affirmance set aside, and a reargument ordered. Under the rules of this court, this cause is now in the same situation as though no previous argument or submission of the cause had been had. The entire record is open to our consideration. And while it is true that the controlling question now presented was not included in the first brief of appellant filed in this cause,

it is contained in appellant's "brief on rehearing." The appellee thus had full opportunity to discuss it.

The question now before us involves the inherent power of the district court, not over persons, but over subject-matter. Very respectable authorities sustain the proposition that "The appellate court will, without any assignment of error or specification in the grounds or reasons of appeal, notice * * * the lower court's want of jurisdiction over the subject-matter." 3 C. J. 1343. The reasoning upon which the authorities collated in support of the text quoted are based afford ample justification of the exercise by this tribunal of its statutory power to, "at its option, consider a plain error not specified in appellant's brief." Comp. St. 1929, sec. 20-1919.

As suggested, the sole question presented for our determination in the present case is the power of the district court in a law case, at a term subsequent to that at which a jury trial was had, to sustain a motion for a new trial seasonably filed, and thereupon, on its own motion, and without intervention of a second jury, enter a final judgment of dismissal therein.

It is obvious that no authority for so proceeding is to be found in *Netusil v. Novak*, 120 Neb. 751, or *First Nat. Bank v. Broyles*, 122 Neb. 414, here cited.

The controlling principle announced in these cases is not new to the jurisprudence of this state. The ancient common-law authorities phrased the rule as follows: "During the term wherein any judicial act is done, the record remaineth in the breast of the judges of the court, and in their remembrance, and therefore the roll is alterable during that term, as the judge shall direct; but when the term is past, then the record is in the roll, and admitteth no alteration, averment, or proof to the contrary." 2 Coke's Littleton, 260a; 3 Lewis' Blackstone's Commentaries, *407.

In *Smith v. Pinney*, 2 Neb. 139, Lake, J., in delivering the opinion of this court, employed the following language: "But it is said that the power of the district

court over its own judgment is entirely discretionary, and not subject to review by this court. This is true of its orders made during the term at which the judgment is rendered; but this discretion ends with the rising of the court. Thereafter this power must be exercised within the limits prescribed by the statute, and governed by fixed principles of law. To these the courts must confine their action; and any substantial departure therefrom, resulting in an injury to a suitor, may subject their judgment to review and reversal by proceedings in error. *Huntington & McIntyre v. Finch & Co.*, 3 Ohio St. 445; *Taylor v. Fitch*, 12 Ohio St. 169."

This rule, as thus limited, this court has consistently followed. *McCann v. McLennan*, 3 Neb. 25; *Wise v. Frey*, 9 Neb. 217, 220; *Hansen v. Bergquist*, 9 Neb. 269, 277; *Volland v. Wilcox*, 17 Neb. 46; *Harris v. State*, 24 Neb. 803; *Symns v. Noxon*, 29 Neb. 404; *Bigler v. Baker*, 40 Neb. 325; *Bradley v. Slater*, 55 Neb. 334; *Young v. Estate of Young*, 103 Neb. 418; *Douglas County v. Broadwell*, 96 Neb. 682; *Winder v. Winder*, 86 Neb. 495; *Coxe Bros. & Co. v. Omaha Coal, Coke & Lime Co.*, 4 Neb. (Unof.) 412; *Coulton v. Pope*, 77 Neb. 882; *Citizens State Bank, v. Young, ante*, p. 786.

In *Colby v. Maw*, 1 Neb. (Unof.) 478, Justice Sedgwick, then Commissioner, in an opinion unanimously approved by this court, announced the principle in a law case that "The district court, after entering a judgment not supported by the evidence in an action tried by the court, may *at the same term* set aside such judgment and enter the proper judgment without again hearing the evidence."

In *Netusil v. Novak*, 120 Neb. 751, Day, J., applied this well-established principle to the facts disclosed by the record then before the court, in the following language: "During the trial of a case, the court overruled a motion to direct a verdict for defendant and submitted the case to the jury. The jury returned a verdict for plaintiff and judgment was entered thereon. A motion for new trial was filed and argued, whereupon, at the same term,

the court, on its own motion, set aside the verdict of the jury and the judgment and dismissed the action. *Held,* that the trial court had the right and power to vacate, set aside, amend or correct any judgments or orders made by it at the same term."

The principle so announced was reaffirmed in *First Nat. Bank v. Broyles,* 122 Neb. 414.

It will be noted that, in each of the cases cited, the court has consistently and expressly limited the exercise of this judicial power, now under consideration, to the term at which the judgment whose vacation or modification is sought was entered. In view of this controlling limitation, this principle may not in the present case be applied to sustain the action of the district court.

As already suggested, the instant case was not one in which the verdict returned was special; neither did the court order the case reserved for future consideration, but judgment had been entered on the verdict, as required by section 20-1313, Comp. St. 1929. The only matter undisposed of in this case, when the February, 1931, term of the trial court convened, was a pending motion for a new trial in which the sole relief sought was "to vacate and set aside the verdict of the jury and for a new trial." This motion does not expressly assign as one of its grounds that, upon the statements of the pleadings, he, the defendant, is entitled by law to a judgment in his favor (Comp. St. 1929, sec. 20-1315) ; neither does the district court disclose in its order of February, 1931, whether it is based on a defect of pleading, or because of insufficiency of the evidence.

Nevertheless, as we have already seen, this final judgment appealed from is sustainable, if at all, upon the insufficiency of the pleadings to support the verdict. At common law, judgments *non obstante veredicto,* if granted at all, can be granted upon the record alone. The evidence is not considered; the pleadings only are looked to. 14 Stand. Ency. of Proc. 958, 959. Nebraska has adopted this rule as applicable to her statutory provisions relat-

ing to this subject. This governing statute, in the light of which the Nebraska decisions hereinafter referred to were made, is in the following language: "Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." Comp. St. 1929, sec. 20-1315.

In this connection, it is to be remembered that section 20-2225, Comp. St. 1929, provides for and contemplated the continuance of existing common-law remedies, available at and prior to the adoption of the Civil Code, where substantial rights which are to be protected are clearly outside of the provisions of our statutory procedure. *Smithson v. Smithson,* 37 Neb. 535. No express statutory method appears to have been provided to secure the rights confirmed by the language of the statutes above quoted; and Pound, C., in rendering the opinion, approved by this court, in *Barge v. Haslam,* 65 Neb. 656, says: "It is settled that the purpose of section 440 (now section 20-1315, Comp St. 1929) was to take over and adapt the common-law practice as to rendering judgment *non obstante veredicto. Manning v. City of Orleans,* 42 Neb. 712; *Johnston v. Spencer,* 51 Neb. 198."

As applicable and mandatory at the stage of the proceedings set forth in the instant record, without reference to the bill of exceptions, this court has long announced, as the doctrine controlling, that, "If the trial court is of the opinion that, in view of plaintiff's evidence, it erred in submitting the case to the jury and should have directed a verdict for the defendant, the proper course is to grant a new trial." *Barge v. Haslam,* 65 Neb. 656.

So, too, in reviewing a record involving the limitation under consideration, we have said: "In a case in which a party is entitled to a jury trial, and where the pleadings do not confess the right to a judgment, the court cannot disregard the verdict and enter such judgment as the evidence warrants. If the verdict is not sustained by the evidence, the remedy is by motion for a new trial

on that ground." *Manning v. City of Orleans*, 42 Neb. 712. See, also, *Kenesaw Mill & Elevator Co. v. Aufden-kamp*, 106 Neb. 246; *Slocum v. New York Life Ins. Co.*, 228 U. S. 364.

But the trial court, after expressly sustaining the motion for a new trial in the instant case, without further hearing, immediately entered judgment dismissing plaintiff's action. The situation thus created suggests as a serious question the possibility of sustaining this judgment without reference to the state of the pleadings as a judgment entered *non obstante veredicto*. The rule appears to be that, where a judgment *non obstante veredicto* is desired, a motion therefor should be made. *Coonrod v. Benson*, 2 Greene (Ia.) 179. The present record discloses no such motion tendered, or in behalf of defendant. So, too, it appears to have been determined that, on a motion for a new trial, a party cannot be granted a judgment *non obstante veredicto*. *Netzer v. City of Crookston*, 66 Minn. 355.

Our section 20-1315 is identical with a similar provision of the Ohio Civil Code, from which it was adopted. Construing this identical language the courts of Ohio at an early day held that, where the motion for a new trial is granted, the motion for judgment *non obstante veredicto* will be denied. *Harker v. Smith*, 5 Ohio Dec. 560. And it is said in a learned work on the Code practice of that state: "Where a party moves both for a new trial and for judgment *non obstante veredicto*, the former motion is to be heard first, and if granted the other motion is surrendered, for as soon as a new trial is granted the other party has the right to ask leave to amend his pleadings." 1 Bates, New Pleading, Practice, Parties and Forms, 428. If these authorities are to be accepted, the judgment here appealed from may not be sustained, and further discussion of this case is unnecessary. Without a final determination of the question suggested, but on the tentative assumption, for the purposes of this case, that the question involved in the judgment *non obstante*

*veredicto* was in some proper manner presented to and decided by the trial court, the members of this court are unanimously of the opinion that the district court has erred in entering final judgment for defendant and in the dismissal of the action. The controlling test appears to be: "A motion for judgment on the pleadings requires a consideration of what may be found in all the pleadings as the ultimate facts." *McMillan v. Chadron State Bank,* 115 Neb. 767.

"It will only be granted when it is clear that the cause of action or defense put upon the record does not in point of substance constitute a legal cause of action or defense; a mere technical defect in the pleadings is not sufficient ground upon which to grant a judgment *non obstante veredicto.*" 14 Stand. Ency. of Proc. 960.

In view of these tests, this court is convinced that the pleadings in the instant case were ample to support the judgment entered upon the verdict of the jury in the trial court.

It follows that the district court erred in the entry of the judgment *non obstante veredicto* finding for defendant, and dismissing plaintiff's cause of action. This judgment of the trial court is, therefore, reversed, and the cause remanded, with directions to proceed with the trial thereof, as provided by law.

REVERSED.