RICKA WINTERSON, APPELLANT, V. PANTEL REALTY COMPANY, APPELLEE.

282 N. W. 393

FILED NOVEMBER 18, 1938. No. 30362.

*Brome & Thomas* and *Robert Smith,* for appellant.

*Kennedy, Holland, De Lacy & Svoboda, contra.*

Heard before ROSE, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is an action for damages for personal injuries against the owner of an apartment house. Plaintiff alleged that she suffered injuries by falling on a stairway that was negligently constructed and maintained by the owner of the building. At the close of plaintiff's case, the defendant moved for a dismissal on the ground that the evidence was insufficient to constitute a cause of action, which motion was overruled by the trial court. The motion to dis-

miss was renewed at the close of all the evidence and it also was overruled. The case was submitted to the jury and a verdict of $2,000 was returned for the plaintiff. Defendant then moved for a judgment notwithstanding the verdict and for an order sustaining defendant's motion for a dismissal. Defendant also filed a motion for a new trial. The trial court sustained defendant's motion for judgment notwithstanding the verdict, entered an order sustaining the motion to dismiss, and overruled defendant's motion for a new trial.

We are of the opinion that the trial court erred in sustaining the motion for a judgment notwithstanding the verdict. Under our practice a judgment notwithstanding the verdict may be had only when the pleadings confess facts entitling the moving party to a judgment. Our statute on the subject provides: "Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." Comp. St. 1929, sec. 20-1315.

In *Manning v. City of Orleans,* 42 Neb. 712, 60 N. W. 953, we said: "Section 440 of the Code of Civil Procedure (Comp. St. 1929, sec. 20-1315) provides a remedy substantially like the motion for judgment *non obstante veredicto* of the common law. Such a judgment can only be rendered when the pleadings of the party in whose favor the verdict was rendered confess facts entitling the other party to judgment." See, also, *Kenesaw Mill & Elevator Co. v. Aufdenkamp,* 106 Neb. 246, 183 N. W. 294; *Hamaker v. Patrick,* 123 Neb. 809, 244 N. W. 420. The pleadings do not entitle the defendant to a judgment and it is not so contended. It is clear, therefore, that a judgment notwithstanding the verdict cannot be granted because the evidence is deemed insufficient to sustain the verdict. The remedy in such case is governed by the following authorities:

"In a case in which a party is entitled to a jury trial, and where the pleadings do not confess the right to a judg-

ment, the court cannot disregard the verdict and enter such judgment as the evidence warrants. If the verdict is not sustained by the evidence, the remedy is by motion for a new trial on that ground." *Manning v. City of Orleans*, 42 Neb. 712, 60 N. W. 953.

"If the trial court is of opinion that, in view of plaintiff's evidence, it erred in submitting the case to the jury and should have directed a verdict for the defendant, the proper course is to grant a new trial." *Barge v. Haslam*, 65 Neb. 656, 91 N. W. 528.

"As applicable and mandatory at the stage of the proceedings set forth in the instant record, without reference to the bill of exceptions, this court has long announced, as the doctrine controlling, that, 'If the trial court is of the opinion that, in view of plaintiff's evidence, it erred in submitting the case to the jury and should have directed a verdict for the defendant, the proper course is to grant a new trial.' *Barge v. Haslam*, 65 Neb. 656.

"So, too, in reviewing a record involving the limitation under consideration, we have said: 'In a case in which a party is entitled to a jury trial, and where the pleadings do not confess the right to a judgment, the court cannot disregard the verdict and enter such judgment as the evidence warrants. If the verdict is not sustained by the evidence, the remedy is by motion for a new trial on that ground.' *Manning v. City of Orleans*, 42 Neb. 712." *Hamaker v. Patrick*, 123 Neb. 809, 244 N. W. 420.

We necessarily come to the conclusion that there is nothing in the pleadings that warrants the granting of a judgment notwithstanding the verdict. Likewise, the authorities hold that, if it appears to the trial court that plaintiff's evidence was insufficient to warrant the submission of the case to the jury and that a verdict should have been directed for the defendant, the proper course is to grant a new trial. The trial court was therefore in error in dismissing plaintiff's case.

Defendant cites the following cases in support of a contrary view: *Netusil v. Novak*, 120 Neb. 751, 235 N. W. 335;

*Bielfeldt v. Grand Island Transit Co.*, 123 Neb. 368, 243 N. W. 76; *LeBarron v. City of Harvard*, 129 Neb. 460, 262 N. W. 26; *First Nat. Bank v. Broyles*, 122 Neb. 414, 240 N. W. 546; *Pinches v. Village of Dickens*, 127 Neb. 239, 254 N. W. 877. The first three cases are clearly distinguishable. The rule announced by them in effect is: When a verdict has been returned by a jury that is in all respects free from prejudicial error, and the court thereafter wrongfully sets it aside, this court may correct the error by reversing the trial court's wrongful order and reinstating the original verdict and judgment based thereon. This procedure presupposes a valid verdict and judgment, free from prejudicial error. Such was not the situation in the case at bar. In *Pinches v. Village of Dickens, supra,* the disposition in this court was in accordance with the foregoing rule. The statement in the opinion, however, that the procedure followed in the district court in that case was in accordance with that suggested in *Netusil v. Novak, supra,* is not correct under the facts recited in that opinion. Clearly under the authorities herein cited, the trial court in that case was without authority to set aside a verdict and judgment and sustain defendant's motion for a directed verdict. The proper remedy, if the court felt the evidence was insufficient, was to grant a new trial. In *First Nat. Bank v. Broyles, supra,* the opinion shows that the pleadings sustained the entry of a judgment notwithstanding the verdict in accordance with the statute and cases cited in the forepart of this opinion.

The only question remaining is whether the trial court erred in vacating the verdict and judgment. Defendant contends that the evidence is insufficient to sustain the verdict. If defendant's contention is correct, the trial court rightfully set aside the verdict and judgment, which would require a new trial of the case.

Plaintiff's evidence may be summarized as follows: The plaintiff had resided in the Morris Apartments for eleven years prior to September 22, 1934, the date of the accident. On that day she was taking some flowers to the receiving

room for, the housekeeper to deliver for her. To go to the receiving room she descended by a small stairway which led out of a small hall adjacent to the freight elevator. The only evidence as to how the accident happened was that of the plaintiff, who testified as follows: "Well, I walked out to the door and around that little corridor, and opened the door and stepped down and fell." The evidence discloses that the stairs were not constructed in accordance with the ordinances of the city of Omaha in force at the time in that the risers were ¼ to ½ inch higher than the prescribed height and the treads were 1¼ to 1⅜ inches narrower than the prescribed minimum width. It is also contended that the defendant was negligent in not maintaining proper light on the stairway.

The rule respecting the violation of ordinances such as we have in this case was stated by Letton, J., in *Stevens v. Luther,* 105 Neb. 184, 180 N. W. 87, in the following language: "Statutes requiring protective devices to be placed upon machinery, upon barbed-wire fences, scaffolding statutes, railroad fencing statutes, fire escape statutes, and other statutes of like nature, impose a mandatory and affirmative duty upon the owners of such property, and even in states where the violation of speed statutes is held to be only evidence from which negligence may be inferred, the courts generally hold that a failure to perform a mandatory duty so enjoined is negligence *per se,* and if any person to whom the duty is owed, or for whose protection the statute is enacted, is injured in consequence of such violation, a case is made."

In *Hoopes v. Creighton,* 100 Neb. 510, 160 N. W. 742, we said: "The building was not equipped with fire-escapes as required by the statute. The evidence clearly shows that this neglect was the proximate cause of Rickard's death, and the defendant is liable in damages."

Also, in *Vanderveer v. Moran,* 79 Neb. 431, 112 N. W. 581, we said: "The failure to perform a statutory duty specifically imposed for the protection of the public is negligence, and, in the absence of contributory negligence, a

recovery may be had for the injury thereby occasioned."

In *Strahl v. Miller*, 97 Neb. 820, 151 N. W. 952, this court said: "The law seems to be well settled that, when a statute commands or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his benefit, or for a wrong done him contrary to its terms. But it must be affirmatively shown that the plaintiff suffered some injury in consequence of the failure of the defendant to comply with the statute, and that such injury resulted proximately from such failure."

See, also, *Thompson v. Young Men's Christian Ass'n*, 122 Neb. 843, 241 N. W. 565; *Wendell v. Roberts*, 125 Neb. 619, 251 N. W. 264.

There is no evidence in the record that defendant's failure to comply with the building ordinances of the city of Omaha was the proximate cause of the injury. The only evidence on the subject is that plaintiff "opened the door and stepped down and fell." For aught we know she may have done any number of things that would have caused the accident and for which the defendant would not have been liable. The burden is upon the plaintiff and she has failed to produce any evidence to show that the act of defendant in violating the ordinance in any way contributed to this accident.

Plaintiff also claims that there was not sufficient light on the stairway. The evidence is that plaintiff had used this stairway from time to time for eleven years. The lights provided were burning and produced a light of no less intensity than on former occasions when plaintiff had used the stairs. Plaintiff testified that she was familiar with the stairs and all the circumstances surrounding their use. There is no evidence in the record that the lights, or a lack thereof, were the proximate cause of the injury. A verdict cannot rest on speculation and conjecture. The burden is upon the plaintiff to establish that the negligence of the defendant was the proximate cause of the injury. This the plaintiff has failed to do.

478

After giving plaintiff's evidence the benefit to which it is entitled, we necessarily conclude that the trial court was right in setting aside the verdict and judgment because of an insufficiency of the evidence to support them. The trial court should have granted a new trial. The order of the court in sustaining the motion for judgment notwithstanding the verdict and the judgment of dismissal thereafter entered are reversed, with instructions to grant a new trial in accordance with the holdings of this opinion.

REVERSED.