FILLMORE M. WOLFINGER, APPELLANT, V. FRED SHAW ET
AL., APPELLEES.

287 N. W. 63

FILED JULY 11, 1939.   No. 30605.

*Walker & McArthur* and *George I. Craven,* for appellant.

*Flansburg, Lee & Sheldahl* and *Crossman & Barton,
contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE,
MESSMORE and JOHNSEN, JJ., and LANDIS, DISTRICT JUDGE.

EBERLY, J.

This is an action at law to recover damages for personal
injuries alleged to have been inflicted upon plaintiff by and
through negligence of defendant's agent. Issues were joined
and trial was had to a jury.  The jury were duly instructed
by the trial court, and on May 19, 1938, at 9 o'clock p. m.,
this jury returned their verdict in favor of plaintiff and
assessed the amount of his recovery against the defendant
Iowa-Nebraska Light & Power Company in the sum of
$2,500, and on the same day judgment was entered thereon
as provided by law.   On May 21, 1938, defendant filed in
this cause its motion for a new trial in regular form.   On
June 1, 1938, defendant filed its motion for a judgment in
favor of defendant and against plaintiff, notwithstanding
the verdict, upon the following grounds and reasons, to-wit:

"I. That the verdict is not sustained by the evidence.

"II. That the verdict is contrary to the evidence.

"III.  That the verdict is contrary to law.

"IV. That the pleadings and evidence in the above case

will sustain no other judgment than a judgment in favor of the defendant."

On September 26, 1938, the trial court heard the motion of defendant for judgment to be entered in its favor, notwithstanding the verdict. Said motion was then sustained, and judgment was thereupon entered accordingly. Plaintiff appeals.

It also appears that all proceedings referred to were had in the district court for Lancaster county, which adjourned *sine die* on September 26, 1938.

A careful examination of the pleadings discloses that the plaintiff's petition contained allegations ample to constitute a cause of action, and in no manner entitled defendant to judgment. The pleadings of plaintiff and defendant formed issues of fact which the Constitution requires be submitted to a jury for determination.

The sole motion in terms sustained by the trial court by its judgment of September 26, 1938, was filed ten days after the return of the jury's verdict. As applicable to the situation here presented, the rule announced by this court in *Winterson v. Pantel Realty Co.*, 135 Neb. 472, 282 N. W. 393, is controlling, viz.:

"A judgment notwithstanding the verdict can only be rendered when the pleadings of the party in whose favor the verdict was rendered confess facts entitling the other party to judgment."

It follows that the trial court erred in the entry of the order of September 26, 1938, sustaining defendant's motion for judgment *non obstante veredicto*, and this order, in all respects, is hereby reversed, rescinded, canceled, annulled, and set aside, and the case is remanded for further proceedings in harmony with this opinion.

REVERSED.